2003 SD 26

**Charles M. HOFFMAN d/b/a Customer Service, L.L.C., Plaintiff and Appellant,**

v.

**Ray S. OLSEN, Defendant and Appellee.**

**Nos. 22448, 22459.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 2003.

Decided March 5, 2003.

Jay C. Shultz of Lynn, Jackson, Shultz & Lebrun, Rapid City, South Dakota, Attorneys for plaintiff and appellant.

Bruce A. Hubbard of Hansen & Hubbard, Sturgis, South Dakota, Attorneys for defendant and appellee.

PER CURIAM.

[¶ 1.] Charles Hoffman, doing business as Customer Services, LLC, (hereinafter Hoffman) appeals the trial court's denial of attorney's fees in this mechanics' lien foreclosure action and also claims that the trial court improperly reduced the amount owing for the services performed. By notice of review, Ray Olsen asserts that the trial court erred in awarding any amount to Hoffman.

### FACTS AND PROCEDURE

[¶ 2.] Olsen hired Marcy Barber to make improvements to his ranch property. Specifically, he hired her to install tin sid-

ing on a granary and fuel shed, using hail-damaged tin that had previously been removed from another building. Barber provided Olsen with a quote of $1,350 plus materials and excise tax to install the tin siding. There was no written contract.

[¶ 3.] Barber then hired Hoffman as a subcontractor on the job. As was customary with other jobs on which the two had worked, Hoffman was to receive half of the amount paid for labor in exchange for performing half of the work with Barber. Barber would be responsible for the materials and excise tax. Barber and Hoffman spent two days siding the granary and fuel shed. The total bill submitted to Olsen was for $1,580.74, with $1,375 representing labor. Determining that the siding job was "shoddy and amateur," Olsen refused to pay the bill and hired a third party to remove and replace the tin siding.

[¶ 4.] In response, Hoffman filed a mechanics' lien against Olsen in the amount of $1,659.80. This included the amount represented in the original bill plus $79.06 in incidental costs for filing the lien. Hoffman brought a foreclosure action against Olsen for the amount of the lien, and Olsen counterclaimed for the amount he paid the third party to redo the job.

[¶ 5.] The trial court determined that based on Hoffman and Barber's arrangement of splitting the labor profit, the most Hoffman could recover was half of the labor claimed in the mechanic's lien ($687.50). After hearing the evidence, the trial court awarded Hoffman a lien in the amount of $450 as a reasonable amount for the work performed. The trial court entered the following findings of fact:

1. Olsen contracted with Barber and that Barber then hired Hoffman as a subcontractor.

2. Barber and Hoffman performed the work with equal contributions of labor.

3. Barber and Hoffman put in approximately 30 hours of work.

4. The average hourly rate charged for Barber and Hoffman's services was $22.91 per person.

5. The amount sought in the mechanics' lien represented the contributions of Barber and Hoffman; despite the fact Barber did not file a mechanics' lien.

6. Hoffman attempted to recover the cost of material and excise tax through the mechanics' lien.

7. The siding job performed by Barber and Hoffman was adequate but could have been better; specifically, there was a gap in the siding around the fuel tank on the fuel shed.

8. The third party hired to remove and re-side the buildings charged $5.31 per hour, per person.

9. The reasonable value of Hoffman's labor was $450.

The court concluded that the remaining amounts for labor, materials and tax could only be claimed by Barber who had not filed a mechanic's lien. As provided by SDCL 44–9–41, the trial court awarded Hoffman's costs but denied attorney's fees.

[¶ 6.] Hoffman appeals asserting that the trial court should have awarded attorney's fees as provided by SDCL 44–9–42 and that by failing to enter findings, or providing any analysis whatsoever in its decision denying attorney's fees, a remand is required. Hoffman also contends that the trial court erred in only awarding $450. By notice of review, Olsen contends the trial court erred in awarding any amount to Hoffman. We affirm.

## STANDARD OF REVIEW

[¶ 7.] "This Court has rigorously followed the rule that authority to assess attorney's fees may not be implied but must rest upon a clear legislative grant of power." *Estate of O'Keefe*, 1998 SD 92, ¶ 17, 583 N.W.2d 138, 142. In cases where attorney's fees are statutorily authorized, the trial court's ruling is reviewed under an abuse of discretion standard. *Estate of Siebrasse*, 2002 SD 26, ¶ 22, 640 N.W.2d 747. "Conclusions of law are reviewed de novo and are given no deference on appeal." *Rusch v. Kauker*, 479 N.W.2d 496, 499 (S.D.1991). We review the circuit court's findings of fact under the clearly erroneous standard. *City of Deadwood v. Summit, Inc.*, 2000 SD 29, ¶ 9, 607 N.W.2d 22, 25.

## ANALYSIS

### ISSUE ONE

[¶ 8.] **Whether the trial court abused its discretion in denying Hoffman attorney's fees.**

[¶ 9.] The findings of fact and conclusions of law entered below indicate that: "Attorney's fees are denied to both plaintiff and defendant." The trial court's memorandum decision also states: "Attorney's fees are denied to both parties." Olsen contends that Hoffman failed to preserve this issue for appeal. We agree.

[¶ 10.] SDCL 44–9–42 provides:
The court shall have authority in its discretion to allow such attorney's fees and receiver's fees and other expenses as to it may seem warranted and necessary according to the circumstances of each case, and except as otherwise specifically provided in this chapter [Mechanics' and Materialmen's Liens].

Hoffman urges that a remand is required because the trial court did not enter find-

ings of fact and conclusions of law in denying attorney's fees. This Court has consistently required a trial court to enter findings of fact and conclusions of law when ruling on a request for attorney's fees. *Pengra v. Pengra*, 429 N.W.2d 754, 757 (S.D.1988); *Hartman v. Wood*, 436 N.W.2d 854, 857 (S.D.1989); *Michlitsch v. Meyer*, 1999 SD 69, ¶ 20, 594 N.W.2d 731, 735; *Ridley v. Lawrence County Com'n*, 2000 SD 143, ¶ 13, 619 N.W.2d 254, 259. "Despite the absence of findings, however, an appellate court may decide the appeal without further findings if it feels it is in a position to do so." *Ridley*, 2000 SD 143, ¶ 13, 619 N.W.2d at 259.

[¶ 11.] Although attorney's fees are allowed by statute in lien foreclosure actions, Hoffman failed to present evidence to the trial court supporting his claim. The record does not reflect a requested amount or documentation in support of attorney's fees. Given this state of the record, Hoffman has not demonstrated that the trial court abused its discretion in denying attorney's fees. A remand for findings on the issue of attorney's fees would serve no purpose but to provide Hoffman an opportunity to argue an issue that should have been raised before the trial court in the first instance.

ISSUE TWO

[¶ 12.] **Whether the trial court erred in awarding Hoffman $450.**

[¶ 13.] Hoffman contends that the trial court improperly "reformed a portion of the contract" in its award; whereas, Olsen contends the trial court improperly awarded anything to Hoffman because his work was without value. The trial court found that Hoffman, as the subcontractor, did not have a contract with Olsen since the agreement for the work was between Olsen and Barber; nor did Hoffman prove

an account with Olsen. Notably, Barber was not a party to this action.

[¶ 14.] South Dakota law allows a party who has contracted with the property owner a mechanic's lien for an amount stated in the contract. In other cases, the lien is for the "reasonable value of the work done, and of the skill, material, and machinery furnished."

If the contribution be made under a contract with the owner and for an agreed price, the lien as against him shall be for the sum so agreed upon together with the cost of any additional material or work agreed upon, *otherwise, and in all cases as against others than the owner, it shall be for the reasonable value of the work done, and of the skill, material, and machinery furnished.*

SDCL 44–9–6 (emphasis added). Since the trial court found there was no contract between Olsen and Hoffman, the first part of SDCL 44–9–6 does not apply. The trial court properly determined that the lien sum should be for "the reasonable value of the work done, and of the skill, material, and machinery furnished." *Id.*

[¶ 15.] The parties presented a significant amount of evidence concerning the quality of the work performed. The trial court also heard evidence of the costs of the material for this job, the apportionment of the costs for material and tax, Olsen's cost of hiring the third party to remove and replace the tin siding and the manner in which the labor and material were divided between Barber and Hoffman. The trial court awarded $450 of a possible $687.50 (representing half of the total labor billed) for Hoffman's work as the fair and reasonable value of his labor. This conclusion is in accord with the trial court's finding that the work "was not visually appealing but for the most part it was functional and substantially conformed

to the intended purpose to reasonably weather proof the structures, with the exception of the gap under the fuel tank on the fuel shed." This same finding also operates to dispel Olsen's contention that the trial court erred by awarding any amount to Hoffman. We find the court's findings of fact are supported by the record and are not clearly erroneous

[¶ 16.] Therefore, the judgment below is affirmed.

[¶ 17.] GILERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

[¶ 18.] SABERS, Justice, disqualified.