2003 SD 115

**CITY OF SIOUX FALLS, a Municipality charted under the Constitution of the State of South Dakota, Plaintiff and Appellant,**

v.

**Douglas L. JOHNSON and Sherry D. Johnson, Defendants and Appellees.**

No. 22395.

Supreme Court of South Dakota.

Argued Feb. 11, 2003.

Decided Sept. 17, 2003.

R. Shawn Tornow of Sioux Falls City Attorney's Office, Sioux Falls, South Dakota, Attorneys for plaintiff and appellant.

Mark V. Meierhenry of Danforth, Meierhenry & Meierhenry, Sioux Falls, South Dakota, Attorneys for defendant and appellee.

JOHNSON, Circuit Judge.

[¶ 1.] This case involves a challenge to an award of attorney fees and prejudgment interest in favor of Doug and Sherry Johnson (Johnsons) and against the City of Sioux Falls (City). By notice of review, Johnsons seek to challenge the constitutionality of the statutory prejudgment interest rate. We affirm the attorney fee award and remand for recalculation of prejudgment interest. We do not reach the constitutional question raised by Johnsons.

## FACTS AND PROCEDURE

[¶ 2.] This case is before us for the third time. City commenced this action in 1995, seeking condemnation of a residence and land owned by Johnsons for highway and other public uses. The first jury awarded Johnsons damages of $1.2 million and the trial court awarded attorney fees and costs of $130,000. City appealed. In *City of Sioux Falls v. Johnson,* 1999 SD 16, 588 N.W.2d 904 (*Johnson I*), we reversed the judgment on evidentiary grounds and ordered a new trial. Upon retrial, the second jury awarded Johnsons damages of $1.1 million and the Honorable Judge Richard Bogue awarded attorney fees and costs of $175,000.

[¶ 3.] City again appealed the awards to Johnsons. In *City of Sioux Falls v. Johnson,* 2001 SD 108, 632 N.W.2d 849 (*Johnson II*), we affirmed the verdict but reversed the judgment and remanded the case to circuit court for a redetermination of attorney fees, costs, and prejudgment interest. *Johnson II*, 2001 SD 108 ¶ 11, 632 N.W.2d at 855. We reversed the award of attorney fees because we were unable to conduct meaningful appellate review and remanded the issue to the circuit court to conduct an evidentiary hearing on appellate attorney fees, costs and prejudgment interest. On remand, the Honorable Judge William J. Srtska, Jr., after con-

ducting a series of hearings, awarded Johnsons attorney fees of $174,900 and prejudgment interest of $86,785.09.

[¶ 4.] City now appeals claiming Judge Srtska abused his discretion in the award of attorney fees and that he erroneously calculated the prejudgment interest owing. Johnsons filed a notice of review, challenging the constitutionality of the statutory prejudgment interest rate.

## ISSUE ONE

[¶ 5.] **Whether the award of attorney fees to Johnsons was an abuse of discretion.**

▮ [¶ 6.] Attorney fee awards are reviewed under an abuse of discretion standard. *Johnson II,* 2001 SD 108, ¶ 8, 632 N.W.2d at 852. "We determine that an abuse of discretion occurred only if no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." *Action Mechanical, Inc. v. Deadwood Historic Preservation Com'n,* 2002 SD 121, ¶ 14, 652 N.W.2d 742, 748 (internal quotations omitted).

[¶ 7.] SDCL 21–35–23 provides that if the verdict in favor of the landowner exceeds seven hundred dollars and is twenty percent greater than the condemning authority's prior offer, the trial court shall allow reasonable attorney fees, together with taxable costs and compensation for not more than two expert witnesses. The verdict in this case exceeded City's final offer of $547,955.98 by 101 percent; therefore, pursuant to SDCL 21–35–23, City is required to pay Johnsons reasonable attorney fees.

[¶ 8.] On remand, we directed the trial court to conduct a review of the attorney fees claimed in light of the following factors previously set forth in *City of Sioux Falls v. Kelley,* 513 N.W.2d 97, 111 (S.D.

1994) (quoting Model Rules of Professional Conduct, Rule 1.5):

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

On remand, the court held three evidentiary hearings and then entered findings of fact and conclusions of law applying the *Kelley* factors. Specifically, the court found:

1) The law firm expended approximately 380 hours of time for trial time for the second case. The City made a general objection to the amount of attorney fees requested by the landowners and urged the court to award approximately $81,500 in attorney fees.

2) As to the second factor, this case would have only prevented the employment by defendants' counsel of the City of Sioux Falls and the City of Sioux Falls has not been and is not a normal client and the court places no weight on this factor.

3) The fee customarily charged in the locality is a contingent fee. No evi-

dence indicates that the usual private arrangement is hourly but always contingent. The normal reasonable rate of contingent fees is between 50% to a low of 33% of the lift or the original amount offered by the government before litigation begins. The fee requested by the landowner is the low end of the range of reasonable fees as charged between landowners and clients.

4) As to the fourth factor, the court finds that the amounts are very substantial and the results were excellent in both trials. Two different juries with somewhat different facts for consideration as to the values, awarded $1.2 million and $1.1 million. The landowner received 260% more than the original deposit.

5) There were no time limitations involved by the clients and the only limitation was to get the case tried as quickly as possible.

6) There was not a lengthy relationship between the defendants and counsel but it has continued during the duration of this case, which now exceeds six years.

7) Defendants' counsel has shown the experience, the skill, and the ability to perform properly this particular form of litigation.

8) The fee arrangement in this case was a contingent fee based on a percentage of the amount over the initial deposit of the City of $423,000. The contingent fee agreement provided for one-third of the first $600,000 of lift and 22% thereafter above the deposit of $423,000. The landowner has paid fees over $243,005.00 and requested $165,000 plus 6% tax.

[¶ 9.] While City generally objected to all of the findings of fact, it is unable to point to any finding or findings that are clearly erroneous. Instead, City asserts that a contingent fee was not reasonable in this case. As support for that proposition City cites *Johnson II* where this Court stated: "[W]hile such contingent fee arrangements may be perfectly valid and proper as between an attorney and his client, it does not necessarily follow that such fee is a reasonable fee to be taxed against the party taking private property for a public use, as permitted under [SDCL 21–35–23]." *Johnson II*, 2001 SD 108 at ¶ 21, 632 N.W.2d at 855 (quoting *Kelley*, 513 N.W.2d at 111 (citation omitted)). Utilizing this language, City maintains that while a contingent fee agreement may be reasonable between a landowner and his counsel, only an hourly rate of compensation is reasonable as between condemner and landowner. However, the remand court refused to place such a dominant significance on this single *Kelley* factor to the exclusion of the others.

[¶ 10.] The remand court carefully considered all of the *Kelley* factors, finding that some were more applicable than others. In reaching its determination, the remand court used an hourly rate as one reference point and the actual fees paid by landowner as another. Clearly, the purpose of SDCL 21–35–23 is not to compensate landowner's counsel, but to reasonably reimburse landowner for legal fees. Johnsons paid total compensation to their attorney of over $243,005 pursuant to a contingency fee agreement. They were awarded $174,900 by the remand court. Johnsons' reimbursement in this case was twenty-eight percent less than what they paid their counsel, an amount which even City's experts agreed was customary and reasonable in condemnation cases. Given these facts, we are unable to say that the trial court abused its discretion by awarding attorney fees in an amount that is

midway between the award proposed by City and the actual fees paid to counsel by Johnsons.

[¶ 11.] City also argues the trial court erroneously allowed compensation for previous appellate work performed by Johnsons' attorney. City is incorrect. At the December 17, 2001, hearing Judge Srtska stated: "I'm not granting anything on the appeal. I'm not granting anything since the appeal. I'm not–I'm just granting it on your application that you filed pursuant to 15–6–54(d)." There is nothing in the trial court's written findings of fact that suggests that Johnsons, as landowner, are being reimbursed for appellate attorney fees and City's assertions to the contrary are unsupported by the record.

■ [¶ 12.] Furthermore, City asserts error in the award because the award to Johnsons was specified by the court as constituting $165,000 for attorney fees and $9,900 for sales tax. Though City objected to the court's allowance of sales tax, City failed to mention this issue in its docketing statement and furthermore failed to brief this issue on appeal.[1] Therefore, we deem the objection to the award of sales tax waived.

[¶ 13.] Finally, both parties assert that the other has not complied with the provisions for disbursements under SDCL 15–6–54(d). Johnsons argue City did not file written objections to their application for disbursements within ten days of service of Johnsons' application. Whereas, City argues Johnsons' application for fees was improper from the beginning because the required affidavit included with the application was not notarized.[2] In addressing City's contention, it is noteworthy that the trial court did not actually rely upon this affidavit in making its findings; rather, the trial court merely utilized it to question witnesses concerning the request for fees and the representations being made to the court. In fact, as it was used by the court, the affidavit was only a demonstrative aid. A review of the record reveals that both parties failed to satisfy the formal requirements of SDCL 15–6–54(d).

[¶ 14.] As this is the third time this case is before this Court, we believe it appropriate to exercise our power pursuant to SDCL 15–26A–12[3], and direct the trial court to accept a new notarized affidavit from Johnsons' attorney, precisely the same as the previously utilized demonstrative aid, and then enter the same judgment as to attorney fees and sales tax upon that basis. In addition, having considered City's objections to that award here, despite the failure to comply with the time limitations of SDCL 15–6–54(d), we deem it unnecessary for City to file further objections as this issue has been addressed and determined.

[¶ 15.] We affirm the trial court's award of attorney fees and disbursements.

---

1. City improperly mentioned the sales tax issue for the first time in its reply brief thereby precluding Johnson from responding. Moreover, the City merely mentioned the fact that it had objected to the addition of sales tax to the trial court. However, City provided no authority supporting its position. Therefore, the objection was waived.

2. SDCL 19–4–1 provides: "An affidavit may be made in or out of this state before any person authorized to administer an oath."

3. SDCL 15–26A–12 provides: "By its judgment, the Supreme Court may reverse, affirm, or modify the judgment or order appealed from, and may either direct a new trial or the entry by the trial court of such judgment as the Supreme Court deems is required under the record."

## ISSUE TWO

**[¶ 16.] Whether the remand court erroneously computed prejudgment interest.**

■ [¶ 17.] City's initial deposit was made on November 3, 1995. City made a second deposit on October 1, 1996, of $124,995.98 for a total deposit of $547,955.58. The jury ultimately determined just compensation to be $1.1 million as of November 1, 1995. The remand court calculated the prejudgment interest as follows:

The city deposited and the defendants received the two different sums at two different times prior to judgment and the calculations for prejudgment interest at a rate of 4½% are:

On the sum of $677,000 from November 3, 1995 to October 1, 1996 is $83.47 per day for 333 days to equal $27,794.10.

City is given credit for $124,955.98 on October 1, 1996; credited to interest of $27,794.10 first and then $101,366.91 to principal.

From October 1, 1996 to January 28, 2000 at 4½% on $579,838.12 interest is $86,785.09.

The total amount of prejudgment interest is $86,785.09 together with judgment of $579,838.02 to total $666,623.21.

[¶ 18.] The method used by the remand court was first presented to us by Johnsons on appeal in *Johnson II*[4]. We held that Johnsons waived consideration of the issue by failing to file a notice of review. *Johnson II*, 2001 SD 108, ¶ 26, 632 N.W.2d at 855. Despite our finding of waiver in *Johnson II*, Johnsons successfully pro-

posed this alternative method in calculating prejudgment interest to the remand court and it was utilized in making the determination. However, we find that this method, by which partial payments are applied first to interest, improperly charges interest on interest and therefore we expressly reject it.

■ [¶ 19.] Prejudgment interest in condemnation cases is governed by SDCL 31–19–33, which provides:

After the right to compensation has vested pursuant to § 31–19–24, the condemnation action in which the declaration of taking has been filed shall go to trial and just compensation shall be ascertained and awarded in the proceeding and be established by judgment. The judgment shall include interest at the Category A rate of interest as established in § 54–3–16 on the amount finally awarded as the value of the property as of the date of the court deposit. Interest shall accumulate from that date to the date of payment, but interest may not be allowed on money which has been paid into the court.

[¶ 20.] According to this statute, prejudgment interest is determined at the time of judgment and the sum is then included in the judgment. Johnsons, however, were not entitled to receive the interest until just compensation had been determined and the amount of accumulated interest had been calculated. Prepayment of accumulated interest was improper because at the time of the second deposit it was not yet payable. As a result, the remand court should have applied the entire second payment to the outstanding principal balance of $677,000 which would have re-

---

4. The trial court in *Johnson II* did not apply the second deposit of $124,955.98 to interest first and then to principal; rather, the trial court calculated the interest accrued prior to the second deposit, based on $677,000 still owing, and then calculated the interest accrued after the second deposit, based on $552,044.02 and totaled the two sums.

**366** ■

duced the principal balance to $552,000. Prejudgment interest would then properly be calculated on $677,000 from November 3, 1995 to October 1, 1996. Prejudgment interest should also have been calculated on $552,000 from October 1, 1996 to the date of judgment. Given the method employed below, the remand court's computation resulted in the improper charging of interest on interest. The remand court should have instead calculated prejudgment interest in the same manner as the trial court in *Johnson II*, except at the 4.5 percent rate rather than the 10 percent rate. Therefore, we remand this issue to circuit court for correction, and direct that it enter an award of prejudgment interest in the sum of $ 82,625.11.

### ISSUE THREE

[¶ 21.] **Whether SDCL 31–19–33 and 54–3–16 violate the separation of powers doctrine of the state and federal Constitutions.**

■ [¶ 22.] Johnsons, by notice of review, argue SDCL 31–19–33 and SDCL 54–3–16 are unconstitutional as applied in the present case. Specifically, Johnsons argue that the separation of powers doctrine of both the state and federal Constitutions prohibit the legislature from setting a fixed rate of 4.5 percent for prejudgment interest in condemnation cases, a rate which is claimed to be below fair market value. Johnsons argue that by doing so, the legislature has impermissibly usurped the judicial function of determining just compensation.

[¶ 23.] It is significant that Johnson raised this constitutional challenge for the first time on remand by way of motion to the circuit court dated August 20, 2001, six days after our decision in *Johnson II*. The record is devoid of any mention of this issue prior to that time. Yet, the issue in *Johnson II* was "whether SDCL 31–19–33

applies to the case." *Id.* ¶ 13. This was abundantly clear to both City and Johnson. Equally clear was that SDCL 31–19–33 requires prejudgment " 'interest to be paid at the Category A rate of interest as established in § 54–3–16[.]' " *Id.* (quoting SDCL 31–19–33). It cannot be disputed that this Court was considering the propriety of the 4.5 percent prejudgment interest rate in *Johnson II* and the parties had an opportunity to address this issue at that time.

[¶ 24.] Finding SDCL 31–19–33 applicable to the case, we specifically directed the remand court to "calculate interest at the rate of 4.5 percent[.]" *Id.* ¶ 15. The scope of the remand in *Johnson II* was narrow and specifically limited to calculating attorney fees and prejudgment interest at the 4.5 percent rate. If Johnsons had constitutional concerns, they should have raised them prior to our decision in *Johnson II*. We do not consider them now.

[¶ 25.] We conclude Johnsons are precluded by the law of the case from challenging the constitutionality of SDCL 31–19–33.

[¶ 26.] We affirm the remand court on the award of attorney fees and reverse and remand for recalculation of prejudgment interest consistent with this opinion.

[¶ 27.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, concur.

[¶ 28.] JOHNSON, Circuit Judge, for MEIERHENRY, Justice, disqualified.