2004 SD 20

**Rena M. ATCHISON, Petitioner,**

v.

**CIRCUIT COURT for the SEVENTH JUDICIAL CIRCUIT,
Respondent.**

No. 22873.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 2003.

Decided Feb. 11, 2004.

Rena M. Atchison, Rapid City, South Dakota, Pro se petitioner.

Lawrence E. Long, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, Pierre, South Dakota, Attorneys for respondent.

MEIERHENRY, Justice.

[¶ 1.] The trial court appointed Rena Atchison, attorney at law, to represent an indigent defendant charged with one count of child rape and three counts of sexual contact with a child.[1] Atchison submitted vouchers for her fee of $13,299.50. Judge Tice, who presided in the criminal case, reduced the fee by a total of approximately $4,100.00. Atchison requested an explanation for the reductions, to which the judge replied by letter detailing his reasons. Atchison asked the Seventh Judicial Circuit judges to review Judge Tice's decision. A panel of four judges of the Seventh Judicial Circuit conducted a review hearing.[2] Atchison submitted various affidavits in support of her fees. She was allowed fifteen minutes for oral argument at the hearing. The panel issued an Order affirming Judge Tice's reductions. Atchison

petitioned this Court for Writ of Certiorari which we granted. Atchison raises constitutional challenges and claims she was denied reasonable and just compensation for the legal services she provided. We remand for reconsideration.

## ISSUE

**Whether the Lower Court Applied the Correct Legal Standard in Determining Whether Atchison's Legal Fees were Reasonable.**

### Court's Authority in Determining Reasonable Attorney Fees

[¶ 2.] We will first address the lower court's action in determining the reasonableness of Atchison's fees. Our scope of review in a writ of certiorari is limited to determining "whether the inferior court ... has regularly pursued the authority of such court." SDCL 21-31-8; *Duffy v. Circuit Court*, 2004 SD 19, ¶ 3, 676 N.W.2d 126. Regular pursuit of the trial court's authority requires it to apply the correct legal standard. We stated in *Duffy*:

[I]n determining whether a trial court "has regularly pursued its authority," we examine if the court applied an incorrect legal standard or whether the court abused its discretion to the extent that it acted illegally in setting the amount. The attorney is entitled to "just and reasonable" compensation. The judge determines whether it is "just and reasonable." In applying the correct legal standard, the court is required to explain orally or in writing the reasons for modifying the attorney's submitted

---

1. The facts of the underlying criminal case are available in *State v. McCrary*, 2004 SD 18, 676 N.W.2d 116.

2. Judges Tice, Trimble, Kern and Delaney sat as the review panel. Judge Davis recused himself. Judge Fuller, appointed but not having taken the oath of office, did not participate.

voucher considering the factors enumerated in this opinion. The attorney has the burden of proof to show that the trial court applied the incorrect legal standard or acted illegally in setting the amount.

2004 SD at ¶ 19, 676 N.W.2d at 126.

[¶ 3.] The factors for the court to consider are as follows:

(1) the time spent and services rendered;

(2) the complexity of the case and difficulty of the questions involved;

(3) the character and importance of the litigation;

(4) the skill required to perform the legal service properly;

(5) the time limitations imposed by the client or by the circumstances;

(6) the fee customarily charged in the locality for similar legal services;

(7) the experience, reputation, and ability of the lawyer performing the services; and

(8) the possible punishment involved.

*Id.* ¶ 16. The court should consider all the factors starting with the number of hours spent on the case multiplied by the hourly fee established for court appointments. *Id.* "[T]he trial court is entitled to look at the case as a whole in light of the calculations and factors." *Id.* ¶ 17. The trial court should use "its independent judgment" but not overlook the " 'high standard of diligence and preparation demanded of counsel in criminal cases.' " *Id.* ¶ 17 (quoting *Hulse v. Wilfvat,* 306 N.W.2d 707, 710 (Iowa 1981)). "Although a court has the benefit of hindsight, it should not overlook the attorney's perspective in preparing for the case." *Id.* (citing *Hulse,* 306 N.W.2d at 709).

[¶ 4.] Additionally, the court must " 'explain, either orally or in writing, the reasons for change or modification of the statement or voucher submitted by counsel.' " *Id.* ¶ 18 (quoting South Dakota Rules for Compensation of Court Appointed Counsel). The attorney may request a review by the judges of the circuit. The procedure for review is set as follows:

A. If the full amount of the voucher or statement for fees by counsel is not approved by the trial judge, the trial judge must explain, either orally or in writing, the reasons for change or modification of the statement or voucher submitted by counsel.

B. Appeal. If the attorney is dissatisfied with the amount of compensation allowed by the judge presiding in the case, the attorney may request that all judges in that circuit review the claim for compensation and hold a hearing thereon. A decision by the majority of the judges in that circuit shall become the amount of the fees and costs authorized.

*Id.* ¶ 13 (citing South Dakota Rules for Compensation of Court Appointed Counsel; Seventh Judicial Circuit, Standing Order 00–1).

### Court's Action in Reducing Attorney Fees

[¶ 5.] Atchison's client was charged with one count of child rape and three counts of sexual contact with a child.[3] Defendant faced a potential sentence on the criminal charges of life plus forty-five years.

[¶ 6.] Atchison submitted bills to the court as the case against her client developed. Her total bill was $25,250.15 which included (1) $13,299.50 for attorney fees, (2) $ 8,614.50 for Expert Fees, (3) $950.00

---

**3.** Atchison represented this client in a divorce proceeding. The divorce evolved into an Abuse and Neglect action resulting in the criminal charges that Atchison was appointed to defend.

for Investigator Fees and (4) $2,386.15 for Costs/Disbursements. Judge Tice reduced the attorney fees by approximately $4,100. The experts and investigator's fees were paid in full. Atchison wrote Judge Tice a letter requesting an explanation "as to why [Judge Tice] believed such a reduction was necessary." Judge Tice indicated that the main reasons for reducing Atchison's fees were because (1) her "efforts went beyond that which would be reasonable or appropriate under the circumstances" (2) that she had "pursued areas of law which were not particularly productive under the circumstances, in particular you chose to initiate an inquiry into the proportionality of sentencing before sentencing occurred" and (3) the " 'Daubert' proceedings considerably exceeded that which is necessary to present what is appropriate under the circumstances of this case." Judge Tice was also concerned about the expert fees generated by the lengthy hearing.[4]

[¶ 7.] Although Judge Tice's letters explain his reasons for reducing the bill, the

4. Following is the entire text of Judge Tice's letter to Ms. Atchison:

Dear Rena:

You have asked for further clarification for the purposes of my reduction of your bill. I appreciate your disappointment in not receiving the full amount requested and you are certainly entitled in more detail to understand the basis of my decision to reduce your bill. I appreciate that Court-appointed attorney's fees provide little more than the cost of overhead to counsel. I also appreciate the importance of quality representation on behalf of all defendants. I further appreciate that a lawyer must be diligent in their efforts on behalf of their clients. However, *in this case I feel that your efforts went beyond that which would be reasonable or appropriate under the circumstances*. I am not raising any questions concerning the integrity of your bill only the reasonableness of the time and costs engendered by your actions and decisions.

My first significant issue, as I discussed with you on a number of occasions, was *my concern that your judgment in pursuing an extensive hearing involving child hearsay testimony* and what has been referred to as *"Daubert" proceedings considerably exceeded that which is necessary to present what is appropriate under the circumstances of this case*. The hearing itself took fourteen hours in Court time. I'm not aware of any hearing of such a nature that has come close to taking such an extended period of time. On top of that, you had requested the presentation of numerous experts and in particular the presence of Dr. Manlove during the entire course of time that the evidence was presented. Indeed, the hearing itself took nearly what was anticipated for the trial. Although perhaps I should, I do not feel that I can advise counsel not to pursue areas that might prove productive, trusting in counsel's judgment as to what might be productive. Under the circumstances of this case the testimony presented and your questioning did not open any additional areas of information for the Court that could not have been otherwise obtained through the reports of the various parties and the video tapes that were available. *It is further my observation, that asking Dr. Manlove to sit through nearly the entire presentation was unnecessary*, especially in light of the fact that his judgment was based not upon observations of the child but upon the reports and video tapes. In the course of the proceedings I originally advised you that I anticipated no more than $500.00 expert fees should be necessary based upon my general awareness of the nature of the evidence. You however strongly insisted on the need to present extensive testimony from experts who examined the child. I did not feel it was appropriate for me to limit that, again trusting on your judgment and expertise in the presentations. Those experts charged witness fees of nearly $10,000. Dr. Manlove was originally approved at $1,500.00. After he sat through the court proceedings and testified I felt impelled to approve the fees generated from his participation in the case. Though I could have held the bills of the experts, to the limited amount, I did not feel it was appropriate in light of the importance of experts to the Court, to ask them to testify and then deny them their reasonable fees. In order to preserve availability of experts they need to receive their reasonable and appropriate compensation when they assist the Court. To have substantially reduced their fees would have resulted in dissatisfaction on their part and perhaps unwillingness to assist the Court in future proceedings.

explanation did not take into consideration all of the reasonableness factors that a court is required to consider and that we have recently set forth in *Duffy*. *Id.* ¶ 16. For example, Judge Tice did not address that the defendant faced a possible punishment of a life sentence. Judge Tice's main concern was the length and nature of a hearing on the admissibility of the child's hearsay statements and the research on proportionality in preparation for the sentencing hearing. Yet, the reduction of fees does not appear to be in proportion to the time spent on these matters.

[¶ 8.] In justification for her fee to the reviewing panel of judges, Atchison submitted documents, her affidavit and affidavits from attorneys attesting to the reasonableness of her strategies and fees. She also presented oral argument during the fifteen minutes she was allowed. Atchison explained to the panel that the lengthy hearing of which Judge Tice complained moved the State to offer her client a plea bargain allowing her client to plead to two counts of child neglect with dismissal of the other charges.[5]

[¶ 9.] The panel affirmed the fee reductions (Judge Delaney dissenting) in an Order which simply stated:

> A majority of the Circuit Court Judges having considered an appeal filed by attorney, Rena Atchison, from the Trial Court's Judgment reducing her

In addition, though I realized this case was scheduled for trial twice and cancelled immediately prior to trial, there was no trial in fact in this case. In addition, it is my assessment that *you pursued areas of law which were not particularly productive under the circumstances, in particular you chose to initiate an inquiry into the proportionality of sentencing before sentencing occurred.* Obviously one can not make a judgment as to the existence to a disproportional sentence until after it was imposed. I believe this reflected a pattern of efforts on your part and the development of extensive presentations and information which was not in this case particularly productive. My approval of your bill falls within the range of what is reasonable and typical in this Circuit under the circumstances of the case.

Of course you have and I anticipate will proceed to a review of this with the entire Court. I take no exception to that. That is entirely appropriate and within your right. I hope I have adequately set forth sufficient information for you to understand further the nature and purposes of my reduction of your bill.

Should you have any further questions concerning this, please let me know.

Sincerely,
Merton B. Tice, Jr.
Circuit Court Judge
(emphasis added).

A week later, Judge Tice wrote Atchison a second letter:
Dear Rena:

By oversight I failed to include the following discussion in my first letter to you.

As additional clarification the Daubert issue was of minimal significance in light of the fact that all of the experts that would be testifying on the hearsay issue on behalf of the State were clearly qualified and exercised reasonable procedures and judgment under the circumstances as trained psychologists. Dr. Manlove's only objection appears to be that the fact that the child was questioned on a number of occasions and that this impaired the quality of the child's credibility. The substance of his testimony did not impeach in any fashion the observations, questions or procedures used by each of the individual psychologist that work with the child. He basically just questioned the fact that there was a possibility that the child may not be credible because of the number of times the child was questioned concerning the incidences involving the Defendant. This is not within the purview of Daubert but rather is a question of weight. His testimony did not articulate any particular issue involving a specific question or series of questions that were asked of the child.

Sincerely,
Merton B. Tice, Jr.
Circuit Court Judge

**5.** The client accepted the offer and was sentenced to ten years on each count to be served consecutively with the second ten year sentence suspended.

request for attorney's fees from $ 13,-299.50 to $ 9,149.35 and the Court having considered an oral presentation from Ms. Atchison as well as Affidavits and documentary evidence, does hereby Affirm the trial Court Order reducing her fees in the above-entitled matter.

The panel also wrote Atchison a post-hearing letter which merely restated the reasons for the reductions from Judge Tice's earlier letters to Atchison.

### Failure to Apply the Correct Legal Standard

[¶ 10.] Although Judge Tice explained the reasons for reducing Atchison's fees, the explanation did not apply the correct legal standard in determining whether the attorney fees were just and reasonable. Consequently, the court did not regularly pursue its authority. We, therefore, remand for the Seventh Judicial Circuit to apply the correct standard and procedure. On remand, Judge Tice is to reconsider the reasonableness of Atchison's attorney fees by taking into consideration all of the reasonableness factors and by giving an explanation based on those factors.

[¶ 11.] In light of our ruling, the other issues counsel raises need not be addressed.

[¶ 12.] GILBERTSON, Chief Justice, and KONENKAMP, and ZINTER, Justices, concur.

[¶ 13.] SABERS, Justice, concurs specially.

SABERS, Justice (concurring specially).

[¶ 14.] I concur with the majority opinion but write specially to note that in granting the writ of certiorari, the Court does not imply approval of a fourteen hour *Daubert* hearing, or the decision of the attorney to have an expert sit through the entire hearing at great cost to the county and limited benefit to the Defendant. Our decision is limited to the holding that the circuit court must consider the factors outlined in *Duffy*, 2004 SD 19, 676 N.W.2d 126 and determine, based on those factors and the facts of this case, whether those expenditures were reasonable.

[¶ 15.] Indigent criminal defendants are fully entitled to effective assistance of counsel. Appointed attorneys must be diligent and thorough in researching and trying criminal cases. However, this responsibility does not suspend the attorney's obligation to use discretion and avoid unwarranted escalation of fees due to unnecessary expenditures of time and resources. An attorney owes the county and the defendant the same consideration she would give a paying client in using time, resources, and money. As the majority opinion noted in *Duffy*, once the trial judge provides the attorney with "an explanation based upon the factors," the attorney will bear the responsibility of addressing these factors "in an attempt to justify her charges." *Duffy*, 2004 SD 19, ¶ 32, 676 N.W.2d 126.