2005 SD 112

**WALD, INCORPORATED, Plaintiff and Appellee,**

v.

**Richard STANLEY and Arvidene Stanley, Defendants and Appellants.**

No. 23583.

Supreme Court of South Dakota.

Considered on Briefs Aug. 30, 2005.

Decided Nov. 16, 2005.

Rehearing Denied Dec. 22, 2005.

James E. Carlon of Carlon Law Office, Pierre, South Dakota, Attorney for plaintiff and appellee.

George F. Johnson of Johnson, Eklund Law Offices, Gregory, South Dakota, Attorney for defendants and appellants.

KONENKAMP, Justice.

[¶ 1.] Appellants challenge the award of attorney's fees in this mechanic's lien foreclosure. They contend that the award was not "warranted and necessary" under SDCL 44-9-42. We find no abuse of discretion in the court's award and affirm.

## Background

[¶ 2.] Richard and Arvidene Stanley contracted with Wald, Inc. to remodel the Stanleys' home. During the course of construction, the parties orally modified their written agreement on several occasions. These oral modifications were never reduced to writing and differing interpretations eventually followed. "Some things were assumed to be extra by Wald. Other things were assumed to be part of the contract by the Stanleys." At some point, the disagreements could not be resolved, and the Stanleys stopped paying Wald. The Stanleys declared that "they would make no further payments unless Wald complied with certain requirements...." Wald walked off the job and filed a mechanic's lien on the property. A month later, the Stanleys made a written demand under SDCL 44-9-26 that Wald foreclose on the lien. Wald then brought a foreclosure action against the Stanleys.

[¶ 3.] When the matter came to trial, the circuit court heard from litigants who each insisted that the other breached the contract. Even though the parties agreed on the original contract price, the contract provided little guidance because the parties had "numerous discussions [that] resulted in 'extras' which involved extra work, materials and costs [and] none of the extras were reduced to writing." Consequently, the court had to determine which

work was "extra," and which work was part of the original contract.

[¶ 4.] In what the court described as a "twenty-six day trial," it weighed the evidence and the credibility of the litigants, and then ruled that the Stanleys breached the contract and entered judgment in favor of Wald. Wald's lien originally sought $46,186.30, but the actual claim was reduced to $30,000 after it was discovered that credit had not been given to the Stanleys for a $16,000 payment. At the conclusion of the trial, the court awarded Wald $5,736.07.[1] When Wald's attorney sought an award of attorney's fees, the Stanleys objected claiming that such award was not warranted and necessary. The circuit court considered the objections and issued an order awarding Wald's attorney's fees. In its decision, the court made detailed factual findings and legal conclusions and issued a five-page memorandum opinion. The court also outlined the facts to support its findings, including a review of the various factors required by this Court. But the court did not specifically state *why* it awarded the attorney's fees. As a result, the Stanleys sought reconsideration.

[¶ 5.] The Stanleys argued to the circuit court that these circumstances warrant no award of attorney's fees. They based their claim, in part, on their interpretation of the words "warranted and necessary" in SDCL 44-9-42, which authorizes the award of attorney's fees in mechanic's lien foreclosure actions. Specifically, the Stanleys asserted that "warranted and necessary" requires the court to issue specific findings stating why the circumstances support the allowance of an award. The Stanleys also contended that Wald inflated the amount of his lien and the attorney's fees were not warranted as a result.

[¶ 6.] The Stanleys maintained that the ultimate award recovered by Wald in the underlying dispute in comparison to the $30,000 Wald claimed indicated that "there was no factual basis to conclude that an award of attorney's fees was warranted and necessary." Moreover, the Stanleys argued that because Wald rejected their offer to settle the case for $5,000 and then ultimately recovered only $5,736.07 in the trial, the court should have taken that into account and not awarded attorney's fees.

[¶ 7.] In response to the Stanleys' objections, the circuit court held a special hearing to consider whether the award was warranted and necessary. After the hearing, the court issued supplemental findings of fact and conclusions of law stating that, "[b]y filing the demand that [Wald] foreclose on its lien, [the Stanleys] rendered the incurrence of attorney's fees *necessary and warranted* by [Wald]." (emphasis added). Still believing the circuit court failed to state why the fees were warranted and necessary, the Stanleys now appeal raising the following issue: whether the trial court's failure to specifically state why the award was "warranted and necessary" is an error under SDCL 44-9-42.

### Standard of Review

[¶ 8.] When the court's authority to award attorney's fees "rest[s] upon a clear legislative grant of power[,]" we review the decision under the abuse of discretion standard. *Hoffman v. Olsen*, 2003

---

**1.** While it is true that Wald did not recover the entire $30,000 claimed in the lien, the court noted that this dispute existed because neither party could agree on what was included in the original contract and what was extra work. Both parties had made different assumptions on what work was extra and what was part of the contract. In the court's findings of fact and conclusions of law, paragraphs thirteen through fifty were devoted to addressing each item of work to determine whether it was extra or part of the original contract. Thereafter, the court summarized its calculations in a chart.

SD 26, ¶ 7, 658 N.W.2d 790, 792 (citing *Estate of O'Keefe*, 1998 SD 92, ¶ 17, 583 N.W.2d 138, 142). *See Lakota Community Homes, Inc. v. Randall*, 2004 SD 16, ¶ 9, 675 N.W.2d 437, 440. "Abuse of discretion is the most deferential standard of review available with the exception of no review at all." *In re S.D. Microsoft Antitrust Litigation*, 2003 SD 19, ¶ 27, 657 N.W.2d 668, 678 (citations omitted). "We determine that an abuse of discretion occurred only if no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." *Lakota Community Homes, Inc.*, 2004 SD 16, ¶ 9, 675 N.W.2d at 440 (quoting *City of Sioux Falls v. Johnson*, 2003 SD 115, ¶ 6, 670 N.W.2d 360, 362 (citations omitted)). An abuse of discretion is "a fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable." *Arneson v. Arneson*, 2003 SD 125, ¶ 14, 670 N.W.2d 904, 910.

### Analysis and Decision

 [¶ 9.] The Stanleys contend that "this is not a case where this Court must simply decide whether some facts exist to support the trial court's exercise of discretion. The real question . . . is whether the trial court committed legal error in not weighing all the facts both for and against the award of attorney's fees." In particular, the Stanleys invite this Court to interpret "warranted and necessary" in SDCL 44–9–42 as words of limitation, restricting *when* a court may exercise its discretion to "only when it seems 'warranted and necessary according to the circumstances of the case. . . .' "[2] Under the Stanleys' definition, for an award of attorney's fees to be sustained, the terms "warranted and necessary" require a court to "first offer the unique factual findings which set the foundation for the decision."

[¶ 10.] However, the Stanleys fail to cite legal authority to support their claim. The only authority they cite as support for this particular argument is *Hoffman*, where we stated that a circuit court is required to "enter findings of fact and conclusions of law when ruling on a request for attorney's fees." 2003 SD 26, ¶ 10, 658 N.W.2d at 793 (citations omitted). Aside from the fact that *Hoffman* supports the requirement that a court issue factual findings, it does not provide a legal basis for the Stanleys' claim that it is error for a court to award attorney's fees without first stating why the award is granted. *See id.* Because we find no other authority cited to support the Stanleys' argument, we could rule that the matter is waived as a violation of SDCL 15–26A–60(6). We nevertheless choose to address it. *See Apa v. Butler*, 2001 SD 147, ¶ 34 n. 7, 638 N.W.2d 57, 70 n. 7 (choosing to address an issue that could have been deemed waived). *See also Chem–Age Industries, Inc. v. Glover*, 2002 SD 122, ¶ 22, 652 N.W.2d 756, 767 (citations omitted); *First Nat'l Bank in Sioux Falls v. Drier*, 1998 SD 1, ¶ 20, 574 N.W.2d 597, 601.

██ [¶ 11.] Under the abuse of discretion standard, we will not set aside an award of attorney's fees unless " 'no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.' " *Lakota Community Homes*, 2004 SD 16, ¶ 9, 675 N.W.2d at 440 (quoting *City of Sioux Falls*, 2003 SD 115, ¶ 6, 670

---

2. SDCL 44–9–42 states:
 The court shall have authority in its discretion to allow such attorney's fees and receiver's fees and other expenses as to it may seem warranted and necessary according to the circumstances of each case, and except as otherwise specifically provided in this chapter.

N.W.2d at 362); *Osgood v. Osgood*, 2004 SD 22, ¶ 16, 676 N.W.2d 145, 150. More importantly, when reviewing a court's exercise of discretion, we have never specifically held that "warranted and necessary" in an attorney's fees statute limits the instances where a court may award fees. Instead, we have set forth several factors a court should consider when making an award. *See Duffy v. Seventh Judicial Cir.*, 2004 SD 19, ¶¶ 15–16, 676 N.W.2d 126, 133–34; *Atchison v. Seventh Judicial Cir.*, 2004 SD 20, ¶¶ 2–3, 676 N.W.2d 814, 816; *Crisman v. Determan Chiropractic, Inc.*, 2004 SD 103, ¶¶ 26–29, 687 N.W.2d 507, 513–14; *City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 111 (S.D.1994).[3]

[¶ 12.] Those same requirements have been applied to mechanic's lien cases under SDCL 44–9–42. *See Duffield Constr., Inc. v. Baldwin*, 2004 SD 51, ¶ 19, 679 N.W.2d 477, 483; *Hoffman*, 2003 SD 26, ¶ 10, 658 N.W.2d at 792–93; *Larson Concrete Co., Inc. v. Stroschein*, 353 N.W.2d 354, 357 (S.D.1984). A review of these cases does not indicate that the terms "warranted and necessary" limit the court's discretion to allow an award.

[¶ 13.] We addressed a challenge to the court's discretion under SDCL 44–9–42 in *Duffield Construction, Inc.*, 2004 SD 51, 679 N.W.2d 477. In *Duffield*, Baldwin claimed that the circuit court's award of attorney's fees to the lienor was an error "because [the lienees] presented a meritorious defense." *Id.* ¶ 17. But Baldwin did not cite any authority to support this argu-

ment, and the failure to cite authority waived the issue. *Id.* Nonetheless, we said that "[e]ven if they had not waived this issue, they have nevertheless failed to establish that the trial court abused its discretion. SDCL 44–9–42 specifically authorizes an award of attorney's fees in this situation." *Id.* ¶ 18. Here, we are similarly presented with circumstances where SDCL 44–9–42 authorizes an award of attorney's fees. And, as in *Duffield*, the Stanleys also assert a legally unsupported argument. However, the Stanleys contend that in this case we should hold that the circuit court abused its discretion in awarding attorney's fees.

[¶ 14.] Specifically, the Stanleys claim they are being punished for exercising their right, under SDCL 44–9–26, to demand that Wald foreclose on the lien.[4] Yet, "nothing in SDCL 44–9–42 suggests that an award of attorney's fees is punitive or must be based on a conclusion that punishment is warranted." *Duffield*, 2004 SD 51, ¶ 19, 679 N.W.2d at 483. In fact, South Dakota enacted the mechanic's lien laws to allow "persons who provide labor and materials to file mechanic's liens to ensure that they get paid." *Action Mech., Inc. v. Deadwood Historic Preservation Comm'n*, 2002 SD 121, ¶ 17, 652 N.W.2d 742, 749 (citing SDCL ch. 44–9). *See also Lytle v. Morgan*, 270 N.W.2d 359, 361 (S.D.1978). SDCL 44–9–6 required Wald to fix his lien at "reasonable value of the work done, and of the skill, material, and machinery furnished."[5] Thus, we

---

3. The circuit court entered specific findings under the required factors, both in its memorandum decision and in its findings of fact and conclusions of law.

4. SDCL 44–9–26 states:

Upon written demand of the owner, his agent, or contractor, served on any person holding a lien, requiring him to commence suit to enforce such lien, such suit shall be

commenced within thirty days after such service, or the lien shall be forfeited.

5. Because the original contract between Wald and the Stanleys was orally modified, we apply the "reasonable value" criterion under SDCL 44–9–6, as opposed to the "value of the contract" criterion. *See Hoffman*, 2003 SD 26, ¶ 14, 658 N.W.2d at 793.

turn to the Stanleys' allegation that Wald inflated the claim and attorney's fees should not be awarded as a result. We note that the Stanleys do not allege that Wald violated SDCL 44–9–6 or acted in bad faith.[6] Instead, the Stanleys argue that because Wald recovered significantly less than originally claimed, attorney's fees are not warranted.

[¶ 15.] The amount of the ultimate award is not the only determining factor in an award of attorney's fees. Circuit courts have statutory authority to exercise discretion in these matters. *See* SDCL 44–9–42. There is no suggestion that such awards are designed to punish. Instead, the circuit court, when exercising its discretion under statutory authority, need only follow the requirements set by this Court in awarding the attorney's fees. *See Crisman*, 2004 SD 103, ¶¶ 26–29, 687 N.W.2d at 513–14. We find no support for the Stanleys' contention that because Wald only recovered a fraction of the original claim, the circuit court abused its discretion in awarding fees. The circuit court addressed this point and concluded that "[t]he amount of fees and costs is reasonably related to the amount recovered, and the amount in dispute."

[¶ 16.] Because the Stanleys opposed the court's decision to award Wald attorney's fees, the circuit court held a hearing to consider the Stanleys' arguments against the award, which included: Wald's exorbitant billing was the reason the case

existed in the first place; Wald failed to meet its burden to prove the amount in its lien because the lien was exaggerated; and the testimony presented for Wald was "evasive and false." But, in the underlying action the court did not find that Wald breached the contract with the Stanleys. On the contrary, the court held that "the Stanleys' refusal to make further payments and demand for additional consideration constitutes a breach of the contract between the Stanleys and Wald." Thus, in making the final decision to award Wald attorney's fees, the circuit court explained that "because the Stanleys filed a demand requiring Wald to foreclose its mechanics lien" the fees were warranted and necessary under SDCL 44–9–42.

[¶ 17.] While the Stanleys contest the circuit court's decision to award fees, they do not object to the findings that determined that the fees were reasonably warranted and necessary. Because we decline the Stanleys' invitation to interpret the words "warranted and necessary" in SDCL 44–9–42 as a limitation on when the court may exercise its discretion, we are only left to decide whether the circuit court abused its discretion. After a review of the record, we hold that the circuit court did not abuse its discretion and affirm the award of attorney's fees to Wald, Inc.[7] Wald's request for appellate attorney's fees is denied.

[¶ 18.] Affirmed.

---

**6.** "Courts will not lend their aid to parties in the commission of fraud, and, if the plaintiff knowingly and intentionally filed claim for a lien for a larger amount than is due it for material furnished, it forfeits its right to such lien." *Bohn Mfg. Co. v. Keenan*, 15 S.D. 377, 89 N.W. 1009, 1010 (1902). In this case, the Stanleys do not allege that Wald filed a fraudulent lien against them. Nor, do they contend that the difference in the amount Wald ultimately recovered as compared to the

amount originally claimed requires the court to dismiss Wald's lien.

**7.** As a further indication that the circuit court did not abuse its discretion in the award of attorney's fees, we note that the final judgment was for an amount exceeding what the Stanleys offered to settle the case. Thus, despite the fact that the judgment was for much less than what Wald demanded, Wald would not have received this amount without a trial.

[¶ 19.] GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, concur.

[¶ 20.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 21.] I respectfully dissent because the majority opinion rewards Wald for greatly inflating the amount of its mechanic's lien.

[¶ 22.] Mechanic's liens are devices that allow "persons who provide labor and materials ... to ensure that they get paid." *Action Mechanical v. Deadwood Historic*, 2002 SD 121, ¶ 17, 652 N.W.2d 742, 749. However, mechanic's liens are easily abused. In an effort to curtail abuse, the Legislature requires that lien claimants file itemized statements upon which the lien is claimed. SDCL 44-9-16. "Substantial compliance with the statute ... is required to protect others with an interest in the property from fraud and imposition." *Ringgenberg v. Wilmsmeyer*, 253 N.W.2d 197, 200 (S.D.1977).

[¶ 23.] We refuse to enforce a mechanic's lien where the claimant has willfully and intentionally exaggerated the claim. *Id.* at 201. A claim is not intentionally or willfully false if the mistakes were honestly made. *Id.* However, "if the lien grossly misrepresents the amount, the burden is on the person asserting the lien to prove the mistake was made in good faith." *Id.*

[¶ 24.] Wald's mechanic's lien claim was for $46,186.30. The Stanleys offered to settle for $5,000. The circuit court found that Wald was only entitled to $5,351. Thus, Wald insisted on litigating its claim and was awarded only $351 more than offered by the Stanleys. The amount the circuit court determined Wald was entitled to, was only one-eighth of the amount claimed. Despite that, the circuit court awarded Wald the full amount of attorney's fees claimed ($5,726.07) because Stanleys exercised their statutory option that the lien be enforced or forfeited as provided in SDCL 44-9-26.

[¶ 25.] Under the circuit court's logic, a claimant who recovers even a small fraction of its original claim is entitled to attorney's fees even though not warranted or necessary. Creditors are free to be careless, negligent, or excessive in filing their claims so long as they recover some portion of the claim at trial.

[¶ 26.] Wald filed a mechanic's lien that encumbered the Stanley homestead by over eight times the amount determined. The Stanleys appropriately demanded that Wald enforce or forfeit the inflated lien as provided by statute. As a result, the circuit court abused its discretion when it awarded attorney's fees neither warranted nor necessary. In fact, the action to enforce the excessive mechanic's lien was not warranted or necessary and the case should have been settled without a lawsuit.