**Donald SPECK and Joan Speck, Plaintiffs and Appellants,**

**v.**

**George ANDERSON, Defendant and Appellee.**

**Nos. 14201, 14229.**

Supreme Court of South Dakota.

Argued April 17, 1984.

Decided May 29, 1984.

Charles Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiffs and appellants.

John B. Wehde of Benson, Wehde, Fosheim & Haberstick, Huron, for defendant and appellee.

HEEGE, Circuit Judge.

This case concerns the validity and enforceability of an option agreement to purchase 800 acres of land in Buffalo County, South Dakota. It is now before this court for a second time.

In *Speck v. Anderson*, 318 N.W.2d 339 (S.D.1982), this court held that an option which was not to be exercised until after the death of the seller's wife did not require the wife's signature, and remanded the case to the circuit court for trial on the issue of the validity and enforceability of the option agreement.

On remand, the circuit court held that the option agreement had not been signed by the seller but that his signature had instead been forged. We affirm the trial court's decision.

The plaintiffs and appellants, Donald and Joan Speck, are husband and wife. Together they operate a farming and ranching business in Buffalo County. Since 1972, they have rented some 800 acres of grass and farmland from Howard and Wilma Anderson.

The Specks claim that Howard Anderson signed an option agreement at the Speck home on December 8, 1976. This agreement gave the Specks until March 1, 1981, to exercise the right to purchase the 800 acres at a price of $100 per acre. Marvin Speck and Chester Robinson, the brother and brother-in-law of Donald Speck, claim that they signed the option agreement as witnesses.

Howard Anderson died in February 1977, and his wife followed him in death in September of 1978. In January of 1979, the Specks brought an action for specific performance of the option agreement against the defendant and appellee, George Anderson, Howard Anderson's son and the devisee under Howard's will.

■ Although at trial two handwriting experts testified that they believed Howard Anderson's signature to be genuine, the defendant's handwriting expert opined that the signature of Howard Anderson was a traced forgery. It was this testimony that the trial court chose to believe. We cannot say that this was error. This court does not try such controversies de novo. It was for the trial judge to select from the conflicting evidence that which he would believe. *Estate of Podgursky*, 271 N.W.2d 52 (S.D.1978). There is sufficient testimony to support the trial court's determination.

■ On appeal, appellants raise several alleged errors. First, they contend that because there is a claim of fraud, clear, satisfactory and convincing evidence is required. This contention is laid to rest by this court's decision in *Aschoff v. Mobil Oil Corp.*, 261 N.W.2d 120, 125 (S.D.1977), which has since been followed in *General Electric Credit Corp. v. M.D. Aircraft Sales, Inc.*, 266 N.W.2d 548, 550 (S.D.1978); *Golden v. Oahe Enterprises, Inc.*, 295 N.W.2d 160, 164 n. 2 (S.D.1980); and *Jennings v. Jennings*, 309 N.W.2d 809, 811–12 (S.D.1981). These cases state that the burden of proof on an issue of fraud is by a preponderance of the evidence, without the additional burden of clear, satisfactory and convincing evidence. In the case at bar, the trial court's decision that Howard Anderson's signature on the option agreement was a forgery is supported by a preponderance of the evidence.

■ Second, appellants complain that the testimony given by two of appellee's witnesses should not have been considered because proper notice of their appearance was not given to appellants prior to the time of trial. At the time that appellee's

deposition was taken, appellee's counsel said he would "provide names of any such witnesses before we go to trial" if he uncovered any. Appellants claim that the appearance of these witnesses without prior notice was in violation of this statement.

The identities of these two witnesses were disclosed to appellants' attorney as soon as they were known to appellee's counsel and in advance of the date on which the two witnesses appeared. That date was one to which the proceedings had been adjourned so that an expert for the appellants could appear in person. Under the circumstances, we perceive no error in permitting these witnesses to testify.

 Third, in his brief, counsel for the appellants questions the procedure utilized in adopting findings of fact and conclusions of law. However, it appears that the trial judge issued a lengthy memorandum decision explaining in detail his reasoning process as well as reciting in detail the testimony, circumstances and inferences upon which he relied in reaching his decision that the option agreement was not signed by Howard Anderson. That memorandum decision was filed with the clerk of courts and made part of the record. A copy of that memorandum is attached to a subsequently entered order. This order recites that the factual findings and legal conclusions set forth in the court's memorandum opinion shall constitute the court's findings of fact and conclusions of law and incorporates them by reference in the formal order. No other findings of fact or conclusions of law were entered. This order was signed by the trial judge contemporaneously with his endorsing "refused" on proposed additional findings of the appellee and proposed findings of the appellants.

According to SDCL 15–6–52(a): "If an opinion or memorandum of decision is filed, the facts and legal conclusions stated therein need not be restated but may be included in the findings of fact and conclusions of law by reference." The trial court appears to have followed this provision to the letter, and we approve of the method utilized in this case for the entry and filing of findings of fact and conclusions of law.

 Finally, by notice of review, the appellee challenges the failure of the trial court to award him exemplary damages. In this case, however, the trial court found no actual damages and concluded that there was insufficient evidence presented to the court for it to award damages. We affirm this conclusion. As we stated in *Johnson v. Kirkwood, Inc.*, 306 N.W.2d 640 (S.D.1981), exemplary damages cannot be allowed absent an award for compensatory damages.

The judgment of the trial court is affirmed.

WOLLMAN, DUNN, MORGAN and HENDERSON, JJ., concur.

HEEGE, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.