2004 SD 121

**Terry M. BERENS, Plaintiff and Appellee,**

v.

**Cristi J. BERENS, Defendant and Appellant.**

**No. 23063.**

Supreme Court of South Dakota.

Argued on Aug. 25, 2004.

Decided Nov. 3, 2004.

Thomas H. Frieberg, Drew C. Duncan of Frieberg, Zimmer, Duncan & Nelson,

---

5. I agree with the Court that the equitable estoppel issue is without merit.

Beresford, South Dakota, Attorneys for plaintiff and appellee.

Caitlin F. Collier, Vermillion, South Dakota, Attorney for defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] This case involves a custody dispute. The trial court awarded joint legal custody to both parents and physical custody to the father. Mother appeals. She claims the trial court abused its discretion by not appropriately considering the factors previously required by this Court. Specifically, she claims the trial court erred (1) by· not considering father's alleged domestic violence against mother and daughter, (2) by not giving greater weight to father's mental and physical health and illiteracy, (3) by giving too much weight to the children's need for access to extended family. She also claims the trial court erred by conditionally awarding custody to mother if she returns to South Dakota.

## FACTS

[¶ 2.] The parties, Cristi and Terry Berens, were married in 1993 and have two children, a son age eleven and a daughter age seven. Cristi decided to start divorce proceedings in December of 2001. Upon learning of Cristi's intentions, Terry became very emotionally upset and threatened suicide. Cristi called the police and Terry was placed on a 24 hour psychiatric hold. After the parties separated in late December, Cristi retained physical custody of the children; Terry had visitation rights. Shortly thereafter, Cristi sought protection orders against Terry. The first protection order was issued ex parte and later dismissed by Cristi in early January 2002. Cristi sought a second protection order in March of 2002, which the court heard and denied. In April of 2002,

Cristi sought a third protection order. The trial court granted an ex parte temporary order. This time she alleged Terry had sexually abused the daughter. Cristi claimed that the daughter had told her that Terry had been touching her "privates." Because of the allegations, Cristi and the children stayed at Children's Inn, a domestic abuse shelter, for ten days. Specialists examined and interviewed the child but did not conclude sexual abuse had occurred. Cristi dropped her request for a protection order.

[¶ 3.] In addition to Cristi's allegations of sexual abuse of the daughter, she alleged that Terry had raped her in December of 1999 when she refused his request for sex after a New Year's Eve party. Terry admits he was highly intoxicated and may have forced her to have sex against her will. Cristi claims that during the marriage Terry manipulated her by demanding sex in exchange for his doing household duties. She also claims he hit her when they were first married.

[¶ 4.] In the summer of 2002, Cristi met a man from Oregon at a friend's wedding. A few months later, Cristi traveled to Oregon to visit him. In September of 2002, Cristi and the children moved to Oregon without notice to the court or to Terry. Upon arriving in Oregon, Cristi filed a request for a protection order against Terry in an Oregon court, again alleging that Terry had abused and threatened her and had broken into her house. She also alleged he had abused the daughter in 2002, to the extent the daughter was hospitalized.

[¶ 5.] Meanwhile, Terry petitioned the South Dakota court for temporary physical custody of the children, which was granted. Cristi returned the children to Terry. In July of 2003, the custody issue was tried to the court. The court determined it was

in the children's best interests to remain in the physical custody of the father.

## STANDARD OF REVIEW

[¶ 6.] We review a trial court's custody decision on an abuse of discretion standard. *Voelker v. Voelker*, 520 N.W.2d 903, 906 (S.D.1994), citing *Jones v. Jones*, 423 N.W.2d 517, 519 (S.D.1988). The trial judge must consider "the best interests of the child in respect to the child's temporal and mental and moral welfare." SDCL 25–4–45; *Zepeda v. Zepeda*, 2001 SD 101, ¶ 13, 632 N.W.2d 48, 53 (citing *Fuerstenberg v. Fuerstenberg*, 1999 SD 35, ¶ 22, 591 N.W.2d 798, 806). We have stated:

> On appeal, we review a trial judge's decision for error in incorrectly choosing, interpreting, or applying the law; for clear mistakes in fact findings; and for undue emphasis on matters not materially related to the child's welfare. *Fuerstenberg*, 1999 SD 35, ¶ 35, 591 N.W.2d at 810. We expect that any decision will be balanced and methodical. *Id.* In considering the relevant evidence, courts should be cognizant of several "guiding principles." *Id.*, ¶ 23. These include parental fitness, stability, primary caretaker, child's preference, harmful parental misconduct, and separation of siblings. *See generally Fuerstenberg*, 1999 SD 35, ¶¶ 23–32, 591 N.W.2d at 806–10. A court is not bound to make a specific finding in each category; indeed, certain elements may not apply in some cases, and, in others, there may be additional relevant considerations. In the end, our brightest beacon remains the best interests of the child. *Zepeda*, 2001 SD 101, ¶ 13, 632 N.W.2d at 53 (citing *Fuerstenberg*).

*Arneson v. Arneson*, 2003 SD 125, ¶ 13, 670 N.W.2d 904, 909–10.

## ISSUES

**I. Whether it was error to award custody to the father in light of the evidence presented to the court.**

**II. Whether it was error for the trial court to rule that the mother could regain custody if she returned to South Dakota.**

## DECISION

*Allegations of domestic and sexual abuse*

[¶ 7.] Cristi claims that the trial court ignored evidence of father's alleged domestic violence and sexual abuse against mother and daughter. A fair reading of the trial court findings indicates that the court did consider the offered testimony. The court found:

21. That throughout the case, Cristi and her mother were given ample opportunity to explain to the court what the exact acts of violence committed by Terry were and were unable to relate a single incident, other than an allegation of marital rape from December, 1999, which would constitute domestic abuse. That *Christi produced no credible evidence* of physical abuse or violence other than the allegation of marital rape.

. . . .

27. That in the Petition for Restraining Order to Prevent Abuse in the State of Oregon, under oath, Cristi indicated to the court that her daughter was in the hospital due to abuse by her father in April, 2002. That [the daughter] was examined at a hospital but was not in the hospital due to abuse. This statement by *Cristi was deliberately false.*

28. That Cristi acknowledged to the court at trial that when she moved

to Oregon, she realized at that time when she moved to Oregon that the allegations of abuse against [the daughter] were unsubstantiated and that there was no finding of abuse in South Dakota by Child's Voice, the Department of Social Services or the Turner County Sheriff's Office. That *Cristi intentionally misrepresented this fact* to the court in Oregon by again alleging sexual abuse of the child.

29. That in the Oregon Protection Order proceeding, Cristi alleged that Terry broke into her house. There was no proof that Terry broke into Cristi's house at any time and *this was misrepresented to the Oregon court by Cristi.*

30. That in the Petition for Restraining Order to Prevent Abuse filed in the State of Oregon, Cristi, *under oath,* stated that weapons were involved by stating to the court that "he had guns" when responding to a question about whether weapons were involved in the incidences for which the Petition for Restraining Order was filed.

. . . .

34. That *Cristi lied* to obtain a divorce on terms favorable to her, to gain custody and to remove the children from South Dakota without impediments.

35. That Cristi made an allegation of marital rape which allegedly occurred on New Years Eve in 1999/2000 and used this as the basis for her fear of Terry.

36. That Cristi waited nearly a year to report the alleged rape and failed to include it on her initial application for an Ex–Parte Temporary Protection Order.

37. That Cristi's testimony as it relates to the applications for Protections Orders, reasons for leaving the State of South Dakota and her claimed fear of Terry *are not credible.*

[¶ 8.] It is clear from the findings that the court seriously doubted Cristi's credibility concerning the allegations of sexual and domestic abuse. The court additionally found that Cristi's "false allegations of sexual abuse [were] harmful to the children" and that "the abuse allegations were mere pretext." Contrary to Cristi's claim that the court ignored the testimony concerning Terry's abusive conduct, the court's findings indicate a careful consideration of her claims. In fact, the court found no credible evidence to support her claims. We are unable to say, based on the record, that the trial court's findings on this issue were clearly erroneous.

*Father's Fitness*

[¶ 9.] Cristi claims that the court ignored the weight of the evidence of Terry's unfitness. She points to Terry's mental problems, his high cholesterol, his inability to read, his denying Cristi contact with the children, and his reliance on extended family to help care for the children. In its findings, the trial court acknowledged that Terry could not read or write and had "difficulties in retaining employment due to absences from employment" but had been steadily employed with a company for the last four years. The trial court also found that Terry had "enlisted the assistance of immediate family members, namely his mother and sister, to assist in the care of the children while Terry [was] at work." Additionally, the trial court found that "Terry's fitness to parent the children [was] not compromised by his illiteracy." Taking all of this into consideration the court determined "both parents are fit to be primary custodial parent of the minor

children." The trial court entered findings as follows:

48. That neither parents' mental or physical health would prevent them from providing parenting skills although both parents' mental and emotional stress may have adversely affected the children.

49. That both parents have the capacity to meet the children's basic needs and provide the children with love and affection.

Based upon the evidence, we are unable to say that the trial court's findings were clearly erroneous.

*Children's Access to Extended Family*

[¶ 10.] Cristi claims the trial court inappropriately focused on the children's access to extended family and elevated the grandparents and extended family roles above the custodial parent. Cristi's claim is without merit. The trial court only considered the role of the extended family as it related to which parent provided greater stability for the children. The trial court found:

53. That the court finds that Terry provides greater stability for the children in that he has kept the children in an area where they are surrounded by family, in a school with which they are familiar and Terry is not a threat to leave the area where he has been gainfully employed for several years. That the children know family and friends in this area and have lived in this area their entire lives.

54. That Cristi does not provide stability in that she moved herself and the children to the State of Oregon to be near a man whom she had known for only two months, does not have family located in the State of Oregon except for her mother

who moved with her, and Cristi does not have any ties to the community to where she has removed herself.

The court reasoned that the existence of extended family in South Dakota provided more stability in comparison to mother's move to Oregon. The court also found mother did not move to Oregon for better opportunities for her or the children but, instead, moved to pursue a relationship with her boyfriend and "to alienate the children from their father." Again, we cannot say based on the evidence that these findings are clearly erroneous.

*Conditional Custody Award*

[¶ 11.] The trial court determined that it was in the best interests of the children for Terry to have primary physical custody with the parties having joint legal custody. The trial court, however, also ordered that Cristi would be entitled to physical custody if she relocated to South Dakota within 30 days. The order provided:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, if within thirty days (30) of the entry of this order in this matter, the Defendant, Cristi Berens relocates to the State of South Dakota, she shall be entitled to primary physical care, custody and control of the minor children subject to the reasonable right to visitation of the Plaintiff, Terry Berens....

Cristi argues that the order is a conditional award of custody which is prohibited by SDCL 25–4–45. Cristi further argues that the law does not grant the trial court "the power to make conditional determinations." We agree.

[¶ 12.] Under South Dakota law, the trial court has the duty to decide custody based on the best interests of the child. SDCL 25–4–45 provides:

In an action for divorce, the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same. In awarding the custody of a child, the court shall be guided by consideration of what appears to be for the best interests of the child in respect to the child's temporal and mental and moral welfare. If the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question. As between parents adversely claiming the custody, neither parent may be given preference over the other in determining custody.

The court also has the power to change custody if a "substantial change of circumstances" is shown. *Price v. Price*, 2000 SD 64, ¶ 52, 611 N.W.2d 425, 436. Here, the trial court concluded primary physical custody with Terry was in the children's best interests:

That the best interests of the children in respect to their temporal, mental and moral welfare is served by being in the primary physical custody of Terry and that the parties shall have joint legal custody of the minor children subject to reasonable rights of visitation by Cristi....

Nonetheless, having made that determination, the trial court gave custody to Cristi if she returned to South Dakota within 30 days. Cristi claims that the trial court decided that she should have custody of the two children of the parties, however, made it conditional upon her return to South Dakota. Contrary to Cristi's claim, the trial court does not specifically conclude it is in the best interests of the children to be in Cristi's custody. The trial court's only conclusion as to the children's best interests refers to Terry as the custodial parent. The court's findings of fact support that conclusion.

[¶ 13.] The trial court determined that both parents were "committed and desirous of preparing the children for adulthood and in providing ... a good childhood." The court further found them equal in their ability to provide "exemplary role models." What tipped the scale in favor of Terry was his ability to provide greater stability—that is, familiar school and community, extended family, father with steady employment. Cristi, on the other hand, was not able to provide stability because of her move to Oregon with a man she had known only briefly. Had circumstances changed and Cristi moved back to South Dakota, she could have requested the court to change custody based on the best interests of the children standard. For the court to grant Cristi conditional custody without examining the change of circumstances or without determining the best interest of the children, was an abuse of discretion. The court could not foresee whether Cristi's return to South Dakota would be in the children's best interests. Her situation after the move was only conjecture. She may have chosen to move to a different location in South Dakota under a totally different scenario from before she left. We agree with Cristi that the trial court abused its discretion including the conditional award of custody. However, this does not entitle her to relief. The trial court did not find it was in the best interests of the children for Cristi to have custody. The trial court's only determination as to the best interests of children was in favor of Terry. Consequently, the trial court's award of custody to Terry is not an abuse of discretion.

[¶ 14.] Cristi also claims that the order was an abuse of discretion because it prevented her moving from the jurisdiction. She cites *Fortin v. Fortin* as sup-

port. 500 N.W.2d 229 (S.D.1993). In *Fortin,* we found that the trial court abused its discretion because it "prohibited the custodial mother from moving her son with her to Ohio for the sole reason that the move would disrupt the noncustodial father's visitation with and influence over his son, of whom he never sought custody." *Id.* at 232. *Fortin* does not lend support to Cristi's position. It is distinguishable because the father in *Fortin* sought a restraining order; he did not seek custody. A parent has a right to move from the jurisdiction if the move does not harm the children. SDCL 25–5–13 provides:

> A parent entitled to the custody of a child has the right to change his residence, subject to the power of the circuit court to restrain removal which would prejudice the rights or welfare of the child.

Also notable is that father in *Fortin* gave mother custody and "never sought custody after he learned of the move." 500 N.W.2d at 233. Here, Terry, upon learning that Cristi had moved the children to Oregon, took immediate action to have the children returned. Further, he sought custody of them. Based on the evidence, the trial court concluded that both parents were fit to be the children's primary custodian; however, it was not in the best interest of the children to move with Mother. The court has the responsibility to look at what is in the best interest of the children. Moving away from family, friends and familiar surroundings may, in some cases, not be in their best interests. Based on the evidence, the court awarded joint custody and physical custody to the parent remaining in the community, i.e. the father. We cannot say under the facts of this case, the court abused its discretion.

[¶ 15.] We affirm.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.