#23945-a-SLZ

**2006 SD 91**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

LISA DAWN TOFT,                                    Plaintiff,

 v.

PATRICK DALE TOFT,                                 Defendant and Appellee,

 And

ELMER AND CORNELIA STRATMEYER,          Intervenors and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STUART TIEDE
Judge

* * * *

ROBERT L. SPEARS
Spears Law Office
Watertown, South Dakota                       Attorney for appellee.

TAMARA D. LEE
Yankton, South Dakota                          Attorney for appellants.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 28, 2006

OPINION FILED **10/18/06**

#23945

ZINTER, Justice

[¶1.]        Elmer and Cornelia Stratmeyer, maternal grandparents, appeal the

circuit court's award of attorney's fees[1] in an ongoing dispute with the biological

father over custody and visitation of the grandchildren.  We affirm.

**Facts and Procedural History**

[¶2.]        The Grandparents' custodial rights were terminated as a result of their

misconduct detailed in *In re Guardianship and Conservatorship of A.L.T. & S.J.T.*,

2006 SD 28, 712 NW2d 338.  Only the facts relevant to the current dispute

concerning attorney's fees are restated.

[¶3.]        Lisa Dawn Toft (Mother) and Patrick Dale Toft (Father) were married

on May 14, 1994.  They are the biological parents of twins, A.L.T. and S.J.T, born

October 22, 1994.  Because of Mother's and Father's problems, the children lived

with Grandparents from birth.

[¶4.]        In 1999, Mother filed an action for divorce in Turner County.

Grandparents subsequently filed a petition for temporary guardianship and

conservatorship in Minnehaha County.  Following a hearing, the Minnehaha

County Circuit Court granted Grandparents temporary custody.

---

1.     Grandparents actually appeal the award of costs, expenses, and attorney's
       fees.  Grandparents' brief indicates that "the term 'attorney['s] fees' will be
       used as the inclusive term for attorney['s] fees, costs and expenses."  We
       consider this case with that understanding.

       We note, however, that the concept of "costs" has been replaced by
       "disbursements."  SDCL 15-17-36 provides:
       The concept of costs as an indemnity to be recovered by a prevailing party is
       abolished in the courts of South Dakota. Whenever the term, costs, is used, it
       means disbursements as defined in § 15-17-37.

[¶5.] Father then moved to dismiss the temporary guardianship. However, before a hearing on Father's motion, the parties stipulated to a change of venue to Lincoln County. Following the hearing on Father's motion to dismiss the guardianship in Lincoln County, Judge Bogue ordered that Grandparents' temporary custody continue pending the outcome of the custody issue in the Turner County divorce.

[¶6.] Shortly thereafter, Judge McMurchie, who was presiding over the Turner County divorce, formally joined Grandparents as parties in the divorce. The order stated that "Cornelia and Elmer Stratmeyer shall be joined as interested parties in the above-entitled divorce action, pursuant to SDCL 26-5A-10, and shall be duly notified hereinafter of all proceedings in said action, in accordance with the Uniform Child Custody Jurisdiction Act."[2]

[¶7.] A final judgment and decree of divorce was entered in Turner County on June 6, 2002. The divorce decree awarded Grandparents custody of the children subject to Father's visitation rights. However, a number of disputes arose between Grandparents and Father over custody and visitation. *See Guardianship of A.L.T. & S.J.T.*, 2006 SD 28, 712 NW2d 338. As a result, Father filed a number of motions

---

2.      The statutory authority for joining Grandparents as guardians was SDCL 26-5A-10, which has since been repealed. *See* SDCL 26-5A-10 (repealed 2005 SD Laws ch 137 § 43). Prior to its repeal, it provided in part:
>    If the court learns from information furnished by the parties pursuant to § 26-5A-9 or from other sources that a person not a party to the custody proceeding has physical custody of the child or claims to have custody or visitation rights with respect to the child, it shall order that person to be joined as a party and to be duly notified of the pendency of the proceeding and of his joinder as a party.

to enforce visitation or to terminate Grandparents' custodial rights. Those motions underlie Father's request for attorney's fees.

[¶8.] In the course of litigating Father's motions, venue of the Turner County divorce was moved to Lincoln County. Ultimately, Judge Tiede presided over both the divorce and guardianship proceedings in Lincoln County. On August 18, 2004, he terminated the guardianship and granted joint custody to Mother and Father. Mother was given physical custody and Father was given visitation.

[¶9.] In litigating the subsequent custody and visitation issues with Grandparents, Father made four motions for reimbursement of his attorney's fees. All four motions were captioned in the divorce action. In an order dated April 29, 2003, Judge Tiede deferred a decision on Father's attorney's fees request until a final decision was made on custody.[3] Following the final custody decision, Judge Tiede conducted a hearing and awarded Father $11,963.05, which was less than one-half of the attorney's fees requested. Grandparents appeal raising the following issues:

1) Whether the award of attorney's fees should be reversed because the circuit court failed to file findings of fact and conclusions of law.
2) Whether one of Father's motions was timely.

---

3. The Order Regarding Application for Costs and Disbursements stated:

> [T]he Court will reserve the right to award attorney['s] fees at a later time in so much as it was represented to the Court by attorney Robert L. Spears and attorney Steven Binger that based on the material both attorneys received from the Family Visitation Center that it is anticipated that this is a continuing matter for the Court and future court hearings are eminent [*sic*] and therefore a request for reimbursement of attorney['s] fees and costs is premature at this time for the above reasons.

3)  Whether the circuit court was authorized to award
    attorney's fees under SDCL 15-17-38.
4)  Whether either party is entitled to appellate attorney's fees.

## Standard of Review

[¶10.]    We generally review an award of attorney's fees under the abuse of discretion standard of review. Credit Collection Services, Inc. v. Pesicka, 2006 SD 81, ¶5, 721 NW2d 474, 476 (citing *In re* South Dakota Microsoft Antitrust Litigation, 2005 SD 113, ¶27, 707 NW2d 85, 97). In this case, Grandparents do not challenge the reasonableness of the award. They only question whether attorney's fees are authorized under SDCL 15-17-38. This is a question of law that is reviewed de novo.

## Decision

### 1. Findings of Fact and Conclusions of Law

[¶11.]    Grandparents first argue that the attorney's fees award should be reversed and remanded because the court failed to file findings of fact and conclusions of law on that issue. This Court has "stated that a circuit court is required to 'enter findings of fact and conclusions of law when ruling on a request for attorney's fees.'" Wald, Inc. v. Stanley, 2005 SD 112, ¶10, 706 NW2d 626, 629 (quoting Hoffman v. Olsen, 2003 SD 26, ¶10, 658 NW2d 790, 793). Generally, the failure to file findings of fact and conclusions of law constitutes reversible error. Grode v. Grode, 1996 SD 15, ¶29, 543 NW2d 795, 803 (citations omitted). However, we have also noted that an appellate court may remand for findings, or, because findings are not jurisdictional, "an appellate court may decide the appeal without further findings if it feels it is in a position to do so." *Hoffman*, 2003 SD 26, ¶10,

658 NW2d at 793 (quoting Ridley v. Lawrence County Com'n, 2000 SD 143, ¶13, 619 NW2d 254, 259); se*e also* Swanson & Youngdale, Inc. v. Seagrave Corp., 561 F2d 171, 173 (8thCir 1977) (citing 5A *Moore's Federal Practice* § 52.07 at 2731 (2d ed 1975) and 9 Wright and Miller, *Federal Practice and Procedure* § 2577 at 699-700 (1971)).

[¶12.]     In order to determine whether we are in a position to review a ruling that is not supported by findings and conclusions, it is helpful to review their purpose.

> The purpose of findings of fact is threefold: to aid the appellate court in reviewing the basis for the trial court's decision; to make it clear what the court decided should estoppel or res judicata be raised in later cases; and to help insure that the trial judge's process of adjudication is done carefully.

Heikkila v. Carver, 416 NW2d 591, 592 (SD 1987) (citing J. Moore & J. Lucas, 5A Moore's Federal Practice, ¶52.06 [1] (1987); C. Wright & A. Miller, 9A Federal Practice and Procedure, § 2571 (1971)).  Considering these purposes, *Swanson* explained: "The appellate court may decide the appeal without further findings if '(1) the record itself sufficiently informs the court of the basis for the trial court's decision on the material issue, or (2) the contentions raised on appeal do not turn on findings of fact.'" *Swanson*, 561 F2d at 173 (citation omitted).

[¶13.]     We have also considered a third requirement.  In *Speck v. Anderson*, 349 NW2d 49 (SD 1984), a party challenged the circuit court's failure to enter findings of fact and conclusions of law under SDCL 15-6-52(a).  In considering an alleged Rule 52(a) violation, this Court noted that the trial judge had "issued a lengthy memorandum decision explaining in detail [the judge's] reasoning process

as well as reciting in detail the testimony, circumstances and inferences upon which [the judge] relied in reaching [the] decision. . . ." *Id.* at 51. This Court also noted that the memorandum opinion was filed with the clerk of courts, was attached to the subsequent order and was incorporated therein by reference. We ultimately concluded that the circuit court complied with SDCL 15-6-52(a)[4] by incorporating the memorandum opinion by reference. *Id.*

[¶14.]        In this case, the circuit court complied with SDCL 15-6-52(a), and we are in a position to decide the attorney's fees issue without formal findings and conclusions. First, the circuit court incorporated its memorandum opinion into its order by reference. Second, Grandparents have challenged the statutory authorization for, rather than the reasonableness of, the attorney's fees. Therefore, their contentions on appeal do not turn on findings of fact. Finally, the circuit court issued an extremely comprehensive memorandum opinion. That opinion details the facts of the case, the applicable law, and the application of the law to the facts. From that opinion, we can clearly ascertain the basis for the circuit court's decision. Considering the posture of this case, we find it unnecessary to remand for findings of fact and conclusions of law.

*2. Timely Motion*

[¶15.]        Grandparents argue that Father's July 31, 2003 motion for disbursements and attorney's fees was untimely. They point to the requirement in

---

4.    SDCL 15-6-52(a) provides in part,
        If an opinion or memorandum of decision is filed, the facts and legal
        conclusions stated therein need not be restated but may be included
        in the findings of fact and conclusions of law by reference.

SDCL 15-6-54(d) that an application for the taxation of disbursements must be filed within thirty days of the entry of judgment. Because there was no judgment entered during the thirty-day period *before* Father's July 31, 2003 motion, Grandparents contend that the motion was untimely.

[¶16.]     Grandparents misinterpret SDCL 15-6-54(d). That statute provides in relevant part: "Costs and disbursements under this section shall be waived if proper application is not made within thirty days of the entry of the judgment. For good cause shown, the court may extend the time." Thus, we read the statute simply as a deadline to file the motion. Because the July 31, 2003 motion was not filed after the deadline; *i.e.* more than thirty days *after* entry of the judgment awarding fees, the motion was timely.[5]

*3. Entitlement to Attorney's Fees under SDCL 15-17-38*

[¶17.]     "South Dakota utilizes the American rule that each party bears the burden of the party's own attorney['s] fees." *Microsoft Antitrust Litigation*, 2005 SD 113, ¶29, 707 NW2d at 98 (citing Crisman v. Determan Chiropractic, Inc., 2004 SD 103, ¶26, 687 NW2d 507, 513) (citing Public Entity Pool for Liability v. Score, 2003 SD 17, ¶7, 658 NW2d 64, 67-68)). However, there are two exceptions. The first is when the parties enter into an agreement entitling the prevailing party to an award

---

5.     We also note that there were good reasons why Father filed the July 31, 2003 motion before the judgment. At the time Father filed this motion, it was expected that the request for attorney's fees would be decided at the August 11, 2003 hearing in which a final custody decision was expected. However, the final custody decision was continued by the circuit court. For a number of legitimate reasons, the circuit court was unable to make a final decision on custody until August 2004. Thereafter, the previously filed motion for attorney's fees was heard.

of attorney's fees. *Id.* The second is when an award of attorney's fees is authorized by statute. *Id.*

[¶18.] Grandparents contend that there was an implied agreement that the parties would pay their own attorney's fees. They claim that an implied agreement arose because "each party hired their own legal representation and paid the bills associated with that representation without stating that any other person was responsible for the payment of such legal services." However, such individual arrangements for fees simply reflect that no agreement, express or implied, was reached on the subject of reimbursement.

[¶19.] Grandparents next contend that SDCL 15-17-38 does not authorize attorney's fees because this was a guardianship case. When this matter was decided by the circuit court, SDCL 15-17-38 authorized attorney's fees in "in all cases of divorce, annulment of marriage, determination of paternity, separate maintenance, support, or alimony."[6] Grandparents argue that guardianships were

---

6. Prior to a 2006 amendment, SDCL 15-17-38 provided:

> The compensation of attorneys and counselors at law for services rendered in civil and criminal actions and special proceedings is left to the agreement, express or implied, of the parties. However, attorneys' fees may be taxed as disbursements if allowed by specific statute. The court, if appropriate, in the interests of justice, may award payment of attorneys' fees in all cases of divorce, annulment of marriage, determination of paternity, separate maintenance, support or alimony. The court may award the fees before or after judgment or order. The court may award attorneys' fees from trusts administered through the court as well as in probate and guardianship proceedings. Attorneys' fees may be taxed as disbursements on mortgage foreclosures either by action or by advertisement.

(continued . . .)

not included in this list of actions.[7]  They also argue that although there was an ongoing divorce, they were ordered into the divorce merely because they were the court-appointed guardians.

[¶20.]        To support their arguments, Grandparents rely on *In re Guardianship of T.L.R.*, 2002 SD 54, 645 NW2d 246.  In that case, maternal grandparents were appointed guardians of T.L.R.  The father filed a motion to terminate the guardianship, which the circuit court eventually granted.  On appeal, the father filed a motion for attorney's fees.  This Court stated that guardianship proceedings

---

(. . . continued)

> The 2006 version of SDCL 15-17-38 was amended to also permit an award of attorney's fees in cases determining "custody" and "visitation."  The new statute provides:

>> The compensation of attorneys and counselors at law for services rendered in civil and criminal actions and special proceedings is left to the agreement, express or implied, of the parties.  However, attorneys' fees may be taxed as disbursements if allowed by specific statute.  The court, if appropriate, in the interests of justice, may award payment of attorneys' fees in all cases of divorce, annulment of marriage, determination of paternity, *custody, visitation*, separate maintenance, support, or alimony.  The court may award the fees before or after judgment or order.  The court may award attorneys' fees from trusts administered through the court as well as in probate and guardianship proceedings. Attorneys' fees may be taxed as disbursements on mortgage foreclosures either by action or by advertisement.

> *See* 2006 SD Laws ch 111 § 1 (emphasis added).  This change appears to allow an award of attorney's fees whether the custody and visitation dispute is a part of a divorce or a part of a guardianship.  However, the applicability of this amendment has not been raised on appeal, and we express no opinion on it.

7.      This argument is not technically correct.  *See* the text of the statute, *supra*, n6, and the discussion, *infra*, ¶20.

were not within the list of actions specified in SDCL 15-17-38, and therefore, fees were not authorized by the statute. *Id.* ¶19. We caution, however, that *Guardianship of T.L.R.* failed to mention the statutory language allowing fees in "*guardianship* proceedings." *See* SDCL 15-17-38 (2001) (emphasis added). In addition, the 2006 amendment of SDCL 15-17-38 now allows attorney's fees in cases of "custody" and "visitation." *See supra* n6. Therefore, the attorney's fee rationale in *Guardianship of T.L.R.* is both inapplicable in this case and superseded in future cases.

[¶21.]    Finally, even if we were to apply the 2001 version of the statute, *Guardianship of T.L.R.* is factually distinguishable. It is distinguishable because those biological parents never married, and therefore, there was no divorce order governing custody. In contrast: the biological parents in the present case were married; the Grandparents intervened as parties in the divorce; the guardianship court deferred to the divorce court on the ultimate issue of custody; the divorce court entered the final order concerning custody; and Grandparents were parties in the post decree divorce proceedings concerning modification of visitation and custody. Considering these facts, we previously noted that although the ultimate termination of [Grandparents'] custodial rights took place through a dismissal of a guardianship, "the court considered [Father's] motion to terminate the guardianship in the context of a divorce proceeding."[8] *Guardianship of A.L.T. &*

---

8.    Compare the two cases. In *Guardianship of T.L.R.* we applied the termination of guardianship burden of proof in "SDCL 29A-5-506, [noting] that T.L.R. [was] no longer in need of [the grandparents'] guardianship."

(continued . . .)

*S.J.T.*, 2006 SD 28, ¶38, 712 NW2d at 347.[9]  This litigation occurred in the context of the divorce because "[i]t is well settled in this state that a divorce court has continuing jurisdiction over its decrees," and "[a]n application for modification or enforcement of such decree is a supplementary proceeding incidental to the original suit.  It is not an independent proceeding or the commencement of a new action." Weekley v. Weekley, 1999 SD 162, ¶25, 604 NW2d 19, 25 (citing Hershey v. Hershey, 467 NW2d 484, 486 (SD 1991) (quoting Eggers v. Eggers, 82 SD 675, 679, 153 NW2d 187, 189 (1967) (citations omitted))).

[¶22.]    A more analogous case is *Osgood v. Osgood*, 2004 SD 22, 676 NW2d 145.  In *Osgood*, the parents divorced and were granted joint legal custody.  The paternal grandparents were later awarded visitation rights.  The mother, as primary custodian, denied the grandparents their court ordered visitation.  The grandparents filed a motion for relief and for attorney's fees in subsequent

---

(. . . continued)

> 2002 SD 54, ¶17, 645 NW2d at 251.  In contrast, in this case, Father was required to satisfy the divorce burden of proof:

>> For the father's motion, the circuit court required that he plead and prove that there had been a substantial or material change in circumstances affecting the welfare and best interests of the children. *See* Berens v. Berens, 2004 SD 121, ¶12, 689 NW2d 207, 212; Price v. Price, 2000 SD 64, ¶52, 611 NW2d 425, 436; SDCL 25-4-45.  Accordingly, the court found that "any continued custody of the children by the grandparents would be detrimental to the children's welfare."

> *Guardianship of A.L.T. & S.J.T*, 2006 SD 28, ¶38, 712 NW2d at 347 n10.

9.    The caption of the order awarding attorney's fees contained both the guardianship and the divorce filing numbers.

proceedings in the divorce action. On appeal, this Court affirmed the circuit court's award of grandparent's attorney's fees under SDCL 15-17-38. *Id.* ¶22.

[¶23.] Here, Grandparents were formally joined as interested parties in the divorce. Furthermore, the ultimate custody decision was made in the divorce. And, they remained parties in the supplemental divorce proceedings to modify or terminate their custodial rights. Judge Tiede clearly recognized these facts stating:

> [I]t's clear that Judge McMurchie made an order, entered an order by which he in some manner joined or required or permitted the Stratmeyers to intervene in the divorce case, and his award of custody came through the divorce case.
> Now, if the Stratmeyers really didn't want to be there – you know – they had several options: They could have appealed the decision; they could have appealed being brought into the case, but for whatever reason they subjected themselves to the jurisdiction of the [divorce] Court and Judge McMurchie; and when the order was entered, they did not appeal it. So I'm not so sure that it hasn't become the law of the case and they no longer can argue that, hey, we really didn't want to be there and we – you know – you can't nail me for anything because I didn't want to be there.

Ultimately, because Father's motions were decided in a divorce proceeding in which Grandparents were parties, SDCL 15-17-38 authorized an award of attorney's fees.

### 4. Apportionment

[¶24.] Grandparents finally argue that the circuit court erred in ordering them to pay attorney's fees while not ordering reimbursement from Mother. They contend that nothing authorizes the court to make this "arbitrary split." However, SDCL 15-17-38 provides circuit courts with discretion in awarding attorney's fees. In relevant part, it provides: "The court, *if appropriate, in the interests of justice, may award* payment of attorneys' fees in all cases of divorce. . . ." SDCL 15-17-38 (emphasis added).

[¶25.]     In applying this statute, the circuit court noted that Grandparents had engaged in a long history of interference with Father's rights and relationship with his children despite orders from numerous circuit court judges. Grandparents also improperly and maliciously influenced the children. Grandparents made unsupported allegations that Father sexually abused the children.[10] Two of the children's counselors expressed concerns about the Grandparents' open negativity regarding Father. And, according to one counselor, the negativity reached the level where the children were "mirroring" the Grandparents' remarks and comments, which "increased the children's fears and anxieties." *Guardianship of A.L.T. & S.J.T.*, 2006 SD 28, ¶23, 712 NW2d at 344. We have been pointed to no similar conduct on the part of Mother. We therefore see no abuse of discretion in ordering Grandparents to reimburse part of Father's attorney's fees without apportionment to Mother.

---

10.     Judge Tiede, in a thirty-eight page memorandum opinion, found:

> by the greater convincing force of the evidence that the grandparents have intentionally, deliberately, maliciously and wrongfully prevented [the father] from exercising his lawful rights of visitation with his children. They have improperly and maliciously influenced [the children] by their words and conduct in a deliberate effort to alienate these children from [the father]. They have repeatedly and flagrantly refused to comply with the lawful orders of four separate judges, all of whom have ordered visitation for [the father]. The evidence in support of these findings is overwhelming, beginning with the records of Ms. Langenfeld, the children's initial therapist extending back to 2000.

> *Guardianship of A.L.T. & S.J.T.*, 2006 SD 28, ¶27, 712 NW2d at 344-45. Judge Tiede also "concluded that based on the evidence no sexual abuse had occurred." *Id.*

*5. Appellate Attorney's Fees*

[¶26.]     Both Father and Grandparents moved for appellate attorney's fees. "SDCL 15-26A-87.3 permits an award of appellate attorney['s] fees if they are otherwise allowable and if they are accompanied by a verified, itemized statement of the legal services rendered." Schaefer *ex rel*. S.S. v. Liechti, 2006 SD 19, ¶20, 711 NW2d 257, 264 (quoting *In re* Writ of Certiorari as to Wrongful Payments of Attorney Fees Made by Brookings Sch. Dist. Sch. Bd., 2003 SD 101, ¶25, 668 NW2d 538, 547). SDCL 15-17-38 authorizes attorney's fees in cases of divorce. Furthermore, Father provided an itemized statement of the legal services he incurred. As the prevailing party, Father's motion for appellate attorney's fees is granted in the amount of $2,356.22. Because Grandparents have failed to prevail, their motion is denied.

[¶27.]     Affirmed.

[¶28.]     GILBERTSON, Chief Justice and SABERS, KONENKAMP and MEIERHENRY, Justices, concur.