#24781-r-SLZ

**2008 SD 95**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TOVA L. HEISS,                                    Plaintiff and Appellant,

   v.

ANDREW J. HEISS,                              Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
STANLEY COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE MARK BARNETT
Judge

\* \* \* \*

ROSE ANN WENDELL                    Attorney for plaintiff
Pierre, South Dakota                        and appellant.

DAVID W. SIEBRASSE                    Attorney for defendant
Pierre, South Dakota                        and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 26, 2008

OPINION FILED **10/08/08**

#24781

ZINTER, Justice

[¶1.] Tova L. Heiss (Tova) appeals from a circuit court judgment adopting a referee's recommendation to reduce Andrew J. Heiss's (Andrew's) child support obligation three months after Andrew's initial child support order was entered. We reverse.

I

[¶2.] Tova and Andrew were married on July 25, 1998. They had two children. Tova sued Andrew for divorce on December 29, 2006. The parties entered into a stipulation and property settlement agreement that was incorporated into a judgment and decree of divorce dated March 5, 2007. Pursuant to the parties' stipulation, the decree required Andrew to pay monthly child support of $1,350 commencing March 1, 2007.

[¶3.] On June 5, 2007, three months after the order, Andrew filed a petition to reduce the child support. Andrew asserted that his income had been reduced and that he had the children "half the time." Based on these assertions, he requested that his child support obligation be reduced from $1,350 to $100 per month.

[¶4.] On June 26, 2007, Andrew's request was heard before a referee. Andrew testified that prior to, during, and after the divorce, he worked for his father's business, Lucky Seven, Inc., a company that operated a farm and ranch owned by the Lower Brule Sioux Tribe. According to Andrew, his job and income from that employment had changed. Andrew testified that on December 1, 2006, he became a "ranch hand" instead of "assistant manager." He also testified that this occupational change resulted in a reduction in income. According to Andrew, under

-1-

the prior arrangement with Lucky Seven, his income was 8% of the net profit realized from the sale of calves born of tribal cows that the corporation managed. After December 1, 2006, he only received a monthly salary of $2,000 per month. His 2006 income tax return did not, however, confirm this claimed reduction, and Andrew did not submit a 2006 W-2 statement for December 2006 confirming the new salary.

[¶5.] Andrew's evidence was also equivocal on other relevant matters. For example, although the referee noted that one paycheck stub reflected that Andrew was paid every two weeks, Andrew denied getting paid every two weeks. Additionally, although Andrew testified that he only worked "thirty to forty" hours a week in his new position, his financial statement that accompanied the petition for modification reflected that he worked sixty hours per week. When asked if his financial statement was incorrect, Andrew responded, "I'm not, yeah, probably, I don't know."

[¶6.] Most significantly, Andrew claimed that a substantial portion of his claimed reduction in income was caused by the forced sale of his own cattle due to drought and market conditions. Andrew's evidence, however, did not reflect that the bulk of this claimed reduction occurred after the March 2007 child support order under which he had agreed to pay monthly support of $1,350. On the contrary, Andrew testified that the bulk of his own cattle were sold from 2003 through 2006.

[¶7.] Andrew also testified that at the time he signed the initial support agreement, he had acquired twenty other cows for his own private investment and that he sold those cows before the hearing. He testified that when he signed the

initial child support agreement, he "thought maybe [the stipulated support of $1,350 a month] would work, I thought maybe the [twenty] cows that I did own were going to make more money and it didn't." He further testified that "in essence, [he] made a bad deal." Nevertheless, when the referee then inquired whether Andrew's claimed change in income occurred between the time of the stipulated order (March 5, 2007) and the petition for modification (June 5, 2007), Andrew replied, "no, probably not."

[¶8.]       Finally, because of further ambiguities regarding tribal cattle, Andrew's cattle, and the income derived from each, the referee requested documentation from Andrew, including a "description of all profit, or all proceeds of livestock sales received by [Andrew]" in 2006 and 2007, with a description whether they were his cattle or the Tribe's cattle. Andrew agreed to supply this information after the hearing, but he failed to do so. At the end of the hearing, the referee, referring to the required showing of a substantial change of circumstances necessary to modify a prior support order, observed: "at this point, it looks like it is, you know, difficult to come to the point where we should be modifying the results of an agreement that was just [decided] three months ago."

[¶9.]       The referee filed his written report on October 1, 2007. He found that Andrew's current income had been reduced to $2,000 per month. Although he had previously expressed doubt that Andrew showed the required substantial change in circumstances, the referee concluded that it was "equitable" to reduce the support because the parties enjoyed a substantial income in prior years, but market forces

and a desire to spend more time with the children had reduced Andrew's resources significantly. The referee reasoned:

> It appears that the parties enjoyed a substantial income in prior years, but that market forces and a desire to spend more time with his children have reduced [Andrew's] resources significantly. The South Dakota Supreme Court in Whalen [v. Whalen, 490 NW2d 276 (SD 1992)] indicated that a party was not to be relieved from the consequences of a bad deal, but the court more recently in Dahl [v. Dahl, 2007 SD 64, 736 NW2d 803] has expressed the thought that child support is subject to adjustment as the fortunes of the parties and the situations of the children change[]. It appears equitable under the circumstances to provide relief[.]

In accordance with this conclusion, Andrew's $2,000 monthly salary, and the applicable statutory guidelines, the referee recommended that Andrew's child support be reduced to $1,026 a month effective October 1, 2007, and to $703 a month effective April 1, 2008. Significantly, however, the referee's comparison of income was based on "prior years," and he made no finding that there had been a substantial change in income since the March 2007 order.

[¶10.]     Tova objected to the report. Tova argued that a substantial change of circumstances had not occurred since March 2007, and therefore, Andrew's child support could not be modified. Tova also argued that the evidence of the cattle sales was so ambiguous that it was insufficient to establish a substantial change in circumstances. The circuit court overruled those objections and adopted the referee's recommendation. Because it is dispositive, we limit our discussion to the question whether a substantial change of circumstances occurred after March 2007.

II

[¶11.] "[W]hen the [circuit] court adopts the child support referee's factual findings and legal conclusions, 'we apply the clearly erroneous standard of review to the findings and give no deference to conclusions of law.'" Kauth v. Bartlett, 2008 SD 20, ¶8, 746 NW2d 747, 750 (citation omitted). Accordingly, "[f]indings are not reversed for clear error 'unless we are left with a definite and firm conviction a mistake has been made.'" Id. (citation omitted). "The referee's conclusions of law, however, are freely reviewable and may be overturned whenever they are thought to be incorrect." Janke v. Janke, 467 NW2d 494, 497 (SD 1991).

[¶12.] Andrew's petition for modification was filed June 5, 2007, which was within three years of his March 5, 2007 stipulated support order. Therefore, Andrew had the burden of proving that a "substantial change of circumstances" had occurred after March 5, 2007. See SDCL 25-7A-22 (providing that "[t]he order may be modified upon showing a substantial change in circumstances if the petition is filed within three years of the date of the order [of support]"); Whalen v. Whalen, 490 NW2d 276, 280-81 (SD 1992) (stating: "We have consistently required a party seeking modification of a child support order to demonstrate a change in circumstances occurring *since* the original child support order was entered.").

[¶13.] Without finding that Andrew had shown a substantial change in circumstances since the March 2007 order, the referee modified Andrew's child support obligation. The referee noted that Andrew was now making $2,000 per month, and that the parties' resources were more substantial in "prior years." Utilizing that time frame and the parties' pre-divorce joint income as a comparison,

the referee concluded that "market forces and a desire to spend more time with his children have reduced [Andrew's] resources significantly" making it "equitable under the circumstances to provide relief[.]" This conclusion incorporates incorrect legal standards in reviewing a request for child support modification under SDCL 25-7A-22.

[¶14.]     First, with respect to Andrew's income from employment, his petition and testimony reflected that his job and income had changed on December 1, 2006, well before the stipulated order. Indeed, Andrew concedes in his brief that at the time he signed the original stipulation in March of 2007, his income had already been reduced to the $2,000 monthly salary. Therefore, this reduction in income could not be used to justify a change of circumstances since entry of the initial order of support. *See* SDCL 25-7A-22.

[¶15.]     Second, with respect to the cattle sales, Andrew testified that all but twenty cows were sold due to hard times and drought between 2003 and 2006. Because those sales occurred before the stipulated order of support, they also should not have been used to justify a substantial change in circumstances occurring after entry of the order. *See id.* Concededly, there is some evidence that twenty cows may have been sold after the March order of support. Nonetheless, when the referee tried to clarify whether Andrew's claimed loss of cattle income occurred between signing the stipulation and the time he petitioned for modification, Andrew conceded, "no, probably not." And most importantly, even if the twenty cows were sold subsequent to the order, Andrew did not quantify the reduction in investment income that occurred following the loss of that property. Without knowing the

amount of that claimed loss of investment income, Andrew could not prove that it *substantially* affected his ongoing ability to pay child support. Because Andrew failed to quantify his claimed reduction in investment income resulting from any qualifying post-order sales, he failed to satisfy his burden of proving a substantial change in circumstances resulting from those sales.

[¶16.] Andrew finally claimed a change in circumstances due to a change in child visitation. The evidence, however, is undisputed that there was no change in the number of days of visitation: rather, only the days of the week changed. Further, the change in visitation did not occur until August of 2007, well after the hearing before the referee. Therefore, the change in visitation could not have been a material part of Andrew's claimed substantial change in circumstances.

[¶17.] For the foregoing reasons, we agree with the referee's initial observation that "it is . . . difficult to come to the point where we should be modifying the results of an agreement that was just [decided] three months ago." Our review of the transcript confirms this observation because Andrew did not meet his burden of proving a substantial change in financial condition occurring *after* the initial child support order. We also observe that the threshold test is not whether it is "equitable . . . to provide relief," based on a reduction of the parties' income realized in "prior years," but whether Andrew incurred a substantial change in circumstances in his ability to pay child support since entry of the order. *See* SDCL 25-7A-22. Although Andrew testified that he thought "maybe [$1,350 a month] could work," that he was "going to make more money," but he made a "bad deal" when he signed the order, "courts are not required to relieve parties from such bad

-7-

bargains." Lodde v. Lodde, 420 NW2d 20, 22 (SD 1998) (citing Moller v. Moller, 356 NW2d 909 (SD 1984)). Andrew acknowledges this rule, but relies on this Court's later statement that "[a]lthough a stipulation may be valid and fair when executed, it may not be later when circumstances change." *Dahl*, 2007 SD 64, ¶18, 736 NW2d 803, 807. We acknowledge our statement in *Dahl,* yet that language must be read as being subject to the statutory requirement that the change of circumstances occur *after* the initial order of support. *See* SDCL 25-7A-22.

[¶18.] In this case, the record reflects that the basis for Andrew's claimed reduction in income either occurred before the prior order of support or was not sufficiently quantified. Additionally, Andrew failed to prove that the change in visitation constituted a substantial change in circumstances. Because Andrew failed to meet the threshold burden of establishing a substantial change of circumstances, we reverse and remand for entry of an order denying his petition.

### III

[¶19.] Both parties have submitted motions for appellate attorney fees. "SDCL 15-26A-87.3 permits an award of appellate attorney fees if they are otherwise allowable and if they are accompanied by a verified, itemized statement of the legal services rendered." Schaefer ex rel. S.S. v. Liechti*, 2006 SD 19, ¶20, 711 NW2d 257, 264. SDCL 15-17-38 authorizes attorney fees in cases involving child support, and both parties have submitted a verified, itemized statement of fees. As the prevailing party, Tova's motion is granted in the amount of $2,000. *See* Toft v. Toft, 2006 SD 91, ¶26, 723 NW2d 546, 554. Because Andrew has failed to prevail, his motion is denied. *Id.* ¶26, 723 NW2d at 554-55.

#24781

[¶20.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.