*914 ZINTER, Justice
(concurring in part and dissenting in part).
[¶42.] I concur on all issues concerning interpretation of the premarital agreement (PMA). I dissent only on the majority’s conclusion that attorney’s fees are not awardable under SDCL 15-17-38. In my view, this declaratory action is a necessary part of the parties’ divorce. Therefore, the recovery of attorney fees is authorized by the statute.
[¶43.] SDCL 15-17-38 permits an award of attorney fees “in all cases of divorce.” We have interpreted the “in all cases of’ phrase to mean that fees are recoverable in all cases “involving” divorce, see Schieffer v. Schieffer, 2013 S.D. 11, ¶ 55, 826 N.W.2d 627, 644, as well as cases “in the context of divorce, Toft v. Toft, 2006 S.D. 91, ¶ 21, 723 N.W.2d 546, 553. We have also interpreted the “in all cases of’ phrase broadly for other types of cases not specifically itemized in SDCL 15-17-38. See Brosnan v. Brosnan, 2013 S.D. 81, ¶ 38, 840 N.W.2d 240, 252 (concluding that attorney’s fees in a relocation action were awardable because cases “involving relocation of a child are necessarily disputes regarding” custody and visitation, which are cases mentioned by the statute); Osgood v. Osgood, 2004 S.D. 22, ¶¶ 18-22, 676 N.W.2d 145, 151-52 (upholding award of fees for grandparent visitation under prior version of statute that did not include cases of visitation).
[¶44.] This declaratory judgment action not only involved divorce, it was a necessary part of the Charlsons’ Minnesota divorce. The Minnesota court granted the parties a divorce; but it could not determine the issues of spousal maintenance, property division, and other financial matters because the PMA had a Butte County, South Dakota venue provision. Consequently, the Minnesota divorce court ruled that South Dakota was the proper venue to determine the PMA’s validity and enforceability; and the South Dakota Court ruled that its decision on the PMA’s validity and enforceability would “be forwarded to the Minnesota Court for use in its distribution of debts and assets in the divorce action between the parties.” Supra ¶ 5 (emphasis added). Thus, although the parties requested declaratory relief in this case, it was not an independent, run-of-the-mill declaratory judgment action involving the interpretation of a contract. The South Dakota proceeding was a necessary part of the Minnesota divorce: it was brought at the direction of the Minnesota divorce court to adjudicate the usual and customary divorce issues arising in the parties’ divorce action.
[¶45.] Interpretation of premarital agreements by South Dakota courts is a divorce matter entitling the litigants to recover attorney fees under SDCL 15-17-38. See Smetana v. Smetana, 2007 S.D. 5, ¶ 22, 726 N.W.2d 887, 895 (awarding appellate attorney’s fees in divorce action interpreting an antenuptial agreement). Further, this was a case “involving” divorce, see Schieffer, 2013 S.D. 11, ¶ 55, 826 N.W.2d at 644, it was a case brought “in the context of’ divorce, see Toft, 2006 S.D. 91, ¶ 21, 723 N.W.2d at 553, and it was a case “necessarily regarding” divorce, see Brosnan, 2013 S.D. 81, ¶ 38, 840 N.W.2d at 252. Indeed, it was a necessary part of a divorce. Therefore, I would hold that re-coveiy of attorney fees is authorized by SDCL 15-17-38.
[¶46.] KERN, Justice, joins this special writing.